Stanford H. Atwood, Jr., CA Bar No. 37362
Atwood & Associates
750 University Avenue, Suite 130
Los Gatos, California 95032
Tel:     408-395-5503
Fax:    408-395-5519
stanford@atwoodlaw.net

*Attorney for Defendant-Intervenor-Applicants*
*National Rifle Association of America and*
*Safari Club International*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>DEBRA HAALAND, *et al.*,<br><br>Defendants, and<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA and SAFARI CLUB INTERNATIONAL,<br><br>Defendant-Intervenor-Applicants. | Case No. 4:21-cv-349-JSW<br><br>**Related Cases:**<br>  4:21-cv-344-JSW<br>  4:21-cv-561-JSW<br><br>**NOTICE OF MOTION AND MOTION TO JOINTLY INTERVENE BY NATIONAL RIFLE ASSOCIATION OF AMERICA AND SAFARI CLUB INTERNATIONAL**<br><br>**Hearing Date:** May 7, 2021<br>**Hearing Time:** 9:00<br>**Judge:** Hon. Jeffery S. White |

**NOTICE OF MOTION AND MOTION TO INTERVENE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 7, 2021 or as soon thereafter as counsel may be heard by the Honorable Jeffrey S. White, at Courtroom 5, 2d Floor, Oakland Federal Courthouse, 1301 Clay Street, Oakland, California 94612, the National Rifle Association of America ("NRA") and Safari Club International ("SCI"), through this Notice and the attached documents, will and hereby do respectfully move this Court to jointly intervene as defendants as of right under Fed. R. Civ. P. 24(a).  In the alternative, NRA and SCI will and hereby do respectively move the Court to jointly permissively intervene as defendants under Fed. R. Civ. P. 24(b).  As a final alternative, NRA and SCI will and hereby do respectfully move this Court to participate as joint amici curiae in the case.

This lawsuit challenges the U.S. Fish and Wildlife Service's ("FWS") decision to remove gray wolves in the lower 48 U.S. states from the list of endangered and threatened species under the Endangered Species Act, 16 U.S.C. § 1531 *et seq.*  The FWS' decision removed federal protections for the wolves, turned over management of the wolves to the states, and allows the states to manage their wolf populations using sustainable use principles if appropriate, including by holding wolf hunting seasons in which many NRA and SCI members would participate. NRA and SCI are entitled to intervention as of right because (1) this Motion is timely and does not prejudice any existing party, (2) NRA and SCI have legally protectable interests in their members' recreational hunting opportunities, (3) those interests will be impaired if Plaintiffs' challenge succeeds, and (4) those interests are not adequately represented by Federal Defendants or Plaintiffs.  In the alternative, NRA and SCI request that this Court grant permissive intervention in whole or in part for the reasons noted above and because their interests share common questions of law and fact with the main action.  As a final alternative, they should be allowed to participate as amici curiae.

1    NRA and SCI move to intervene based on this Notice of Motion, accompanying

2    Memorandum of Points and Authorities, and the concurrently filed Declarations.  NRA and SCI

3    also concurrently file a motion to dismiss instead of an answer or "pleading" under Fed. R. Civ.

4    P. 24(c).  The Ninth Circuit has ruled that Rule 24(c)'s pleading requirement is "'purely

5    technical'" and "ha[s] approved intervention motions without a pleading where the court was

6    otherwise apprised of the grounds for the motion." *Westchester Fire Ins. Co. v. Mendez*, 585

7    F.3d 1183, 1188 (9th Cir. 2009) (citation omitted); *Arizonans for Fair Elections v. Hobbs*, 335

8    F.R.D. 261, 268 n.1 (D. Ariz. 2020) (holding that the court "must" allow intervention when Rule

9    24(a)(2) factors are met even though the motion did not include a pleading).

10    Counsel for NRA and SCI notified the existing parties' counsel of their intent to move to

11    intervene.  Plaintiffs reserve taking a position on the motion until they are able to review and

12    consider it.  Federal Defendants take no position.

13

14    Dated this 2nd day of April, 2021.

15                                                          /s/ Stanford H. Atwood, Jr.
                                                           Stanford H. Atwood, Jr.
16

17

18

19

20

21

22

23

24

25

26

27

28    NRA and SCI Notice of Motion and Motion to Intervene, Case No. 4:21-cv-349-JSW

Stanford H. Atwood, Jr., CA Bar No. 37362
Atwood & Associates
750 University Avenue, Suite 130
Los Gatos, California 95032
Tel:     408-395-5503
Fax:     408-395-5519
stanford@atwoodlaw.net

*Attorney for Defendant-Intervenor-Applicants*
*National Rifle Association of America and*
*Safari Club International*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>DEBRA HAALAND, *et al.*,<br><br>Defendants, and<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA and SAFARI CLUB INTERNATIONAL,<br><br>Defendant-Intervenor-Applicants. | Case No. 4:21-cv-349-JSW<br><br>**Related Cases:**<br>   4:21-cv-344-JSW<br>   4:21-cv-561-JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO JOINTLY INTERVENE BY NATIONAL RIFLE ASSOCIATION OF AMERICA AND SAFARI CLUB INTERNATIONAL**<br><br>**Hearing Date:** May 7, 2021<br>**Hearing Time:** 9:00<br>**Judge:** Hon. Jeffery S. White |

NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

i

1

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................ii

TABLE OF AUTHORITIES .........................................................................................iii

SUMMARY OF THE ARGUMENT ..............................................................................v

INTRODUCTION ........................................................................................................... 1

STATEMENT OF THE ISSUES TO BE DECIDED..................................................... 1

STATEMENT OF RELEVANT FACTS ....................................................................... 1

ARGUMENT .................................................................................................................. 4

    I.    NRA and SCI should be granted intervention as of right ........................... 4

        A.    The Motion to Intervene is timely. ..................................................... 5

        B.    NRA and SCI have significant protectable interests in the subject matter of this litigation ......................................................................... 5

        C.    Disposition of the case will impair NRA and SCI's ability to protect their interests.......................................................................................... 7

        D.    NRA and SCI's interests will not be adequately represented by the existing parties........................................................................................ 7

    II.    Alternatively, NRA and SCI should be granted permissive intervention.................. 12

    III.    As a final alternative, NRA and SCI should be granted amici curiae status. ............ 14

CONCLUSION.............................................................................................................. 14

1

## TABLE OF AUTHORITIES

2

<u>Cases</u>

3   Alaska v. Zinke,
        No. 3:17-CV-13, 2017 WL 1745020 (D. Alaska May 3, 2017)...................................... 9

4   Arizonans for Fair Elections v. Hobbs,
        335 F.R.D. 261 (D. Ariz. 2020)........................................................................................ 9
5

6   California ex rel. Lockyer v. United States,
        450 F.3d 436 (9th Cir. 2006) ........................................................................................... 7

7   California v. U.S. EPA,
        No. 18-CV-3237, 2018 WL 6069943 (N.D. Cal. Nov. 20, 2018) ............................ 12, 13
8
    Californians For Safe & Competitive Dump Truck Transp. v. Mendonca,
9       152 F.3d 1184 (9th Cir. 1998) ....................................................................................... 10

10  Citizens for Balanced Use v. Mont. Wilderness Ass'n,
        647 F.3d 893 (9th Cir. 2011) ............................................................................. 5, 7, 10, 11
11
    Cnty. of Fresno v. Andrus,
12      622 F.2d 436 (9th Cir. 1980) ........................................................................................... 6
13  Crow Indian Tribe v. United States,
        343 F. Supp. 3d 999 (D. Mont. 2018) ............................................................................. 8

14  Forest Conservation Council v. U.S. Forest Serv.,
        66 F.3d 1489 (9th Cir. 1995) ......................................................................................... 10
15
    Hoptowit v. Ray,
16      682 F.2d 1237 (9th Cir. 1982) ....................................................................................... 14

17  Kootenai Tribe of Idaho v. Veneman,
        313 F.3d 1094 (9th Cir. 2002) .................................................................................. 12, 13
18
    Miller-Wohl Co. v. Comm'r of Labor & Indus.,
19      694 F.2d 203 (9th Cir. 1982) ......................................................................................... 14

20  NRDC v. McCarthy,
        No. 16-CV-2184, 2016 WL 6520170 (N.D. Cal. Nov. 3, 2016) ...................................... 5
21
    Nuesse v. Camp,
22      385 F.2d 694 (D.C. Cir. 1967) ......................................................................................... 6

23  Oakley v. Devos,
        No. 20-CV-3215, 2020 WL 3268661 (N.D. Cal. June 17, 2020) ................................... 14
24
    Patriot Contract Servs., LLC v. United States,
        No. 04-CV-5428, 2005 WL 8177446 (N.D. Cal. Apr. 21, 2005)..................................... 5
25
    Perry v. Schwarzenegger,
26      630 F.3d 898 (9th Cir. 2011) ......................................................................................... 12

27

28  NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

Pub. Emps. for Envtl. Responsibility v. Bernhardt,
    No. 18-CV-1547, 2020 WL 601783 (D.D.C. Feb. 7, 2020)..................................... 8

S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.,
    No. 06-CV-2845-LKK, 2007 WL 3034887 (E.D. Cal. Oct. 16, 2007)..................... 11

Sagebrush Rebellion, Inc. v. Watt,
    713 F.2d 525 (9th Cir. 1983) ............................................................................. 8, 9

Sierra Club v. U.S. EPA,
    995 F.2d 1478 (9th Cir. 1993) .................................................................................. 6

Sw. Ctr. for Bio. Diversity v. Berg,
    268 F.3d 810 (9th Cir. 2001) ................................................................ 4, 7, 8, 11

Trbovich v. United Mine Workers of Am.,
    404 U.S. 528 (1972) ................................................................................................. 7

United States v. City of Los Angeles,
    288 F.3d 391 (9th Cir. 2002) .............................................................................. 6, 12

United States v. Oregon,
    745 F.2d 550 (9th Cir. 1984) .................................................................................... 5

W. Watersheds Project v. U.S. Fish & Wildlife Serv.,
    No. 4:10-CV-229-BLW, 2011 WL 2690430 (D. Idaho July 9, 2011) ..................... 11

Westchester Fire Ins. Co. v. Mendez,
    585 F.3d 1183 (9th Cir. 2009) .................................................................................. 9

Wilderness Soc'y v. U.S. Forest Serv.,
    630 F.3d 1173 (9th Cir. 2011) ...................................................................... 6, 10, 12

**Rules**

84 Fed. Reg. 9648 (Mar. 15, 2019).................................................................................. 2

85 Fed. Reg. 69778 (Nov. 3, 2020).................................................................................. 2

Fed. R. Civ. P. 24(a)(2)...................................................................................... v, 4, 9

Fed. R. Civ. P. 24(b)....................................................................................... v, 12, 13

Fed. R. Civ. P. 24(c) ....................................................................................................... 9

**Other Authorities**

"Executive Order on Protecting Public Health and the Environment and Restoring Science to
    Tackle the Climate Crisis," (Jan. 20, 2021),
    *available at* https://www.whitehouse.gov/briefing-room/presidential-
    actions/2021/01/20/executive-order-protecting-public-health-and-environment-and-restoring-
    science-to-tackle-climate-crisis/ ........................................................................... 9

Fact Sheet: List of Agency Actions for Review (Jan. 20, 2021),
    *available at* https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-
    sheet-list-of-agency-actions-for-review/ ............................................................... 9

NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

iv

**SUMMARY OF THE ARGUMENT**

Under Fed. R. Civ. P. 24(a)(2), the National Rifle Association of American ("NRA") and Safari Club International ("SCI") should be granted intervention as of right. NRA and SCI seek to jointly intervene to defend the U.S. Fish and Wildlife Service's ("FWS") November 2020 decision to remove gray wolves in the lower 48 U.S. states from the list of endangered and threatened species under the Endangered Species Act ("ESA"). NRA and SCI have timely moved to represent their members' interests in hunting gray wolves and their organizational interests in protecting hunting as a conservation and management tool and traditional recreational activity. Both sets of interests are directly at stake in this case. While the wolves are delisted, states have the authority to allow harvests, which in turn, will also increase the amount of deer and other game available to hunt. If Plaintiffs succeed and the rule delisting gray wolves is vacated, wolves will be relisted under the ESA, and NRA and SCI members will not be able to lawfully participate in hunts. Moreover, the existing parties in the case do not adequately represent NRA and SCI's interests. The FWS does not hunt; it is only charged with administering the ESA. NRA and SCI therefore bring an additional element to the proceedings. And FWS was recently directed by Executive Order to review the rule at issue, which casts doubt on whether it will make or will be capable of making all the arguments that NRA and SCI will.

Alternatively, NRA and SCI should be granted permissive intervention under Rule 24(b). They will raise defenses that share common questions of law and fact with the main case, including that Plaintiffs do not have constitutional standing to assert their claims. Equitable principles further support granting their intervention because their members will be harmed if Plaintiffs obtain their requested relief and the rule at issue is vacated.

As a final alternative, NRA and SCI request leave to participate as amici curiae. The Court has broad discretion to grant this request, which is appropriate here because this is a case of public interest.

NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

v

**INTRODUCTION**

NRA and SCI jointly seek intervention to defend the FWS' decision to remove gray wolves in the lower 48 states from the list of endangered and threatened species under the ESA. NRA and SCI move to participate as parties to represent their own interests and the interests of their members who will participate in gray wolf hunting seasons, should any be authorized by states, and who will benefit by other wildlife management efforts that are possible now that gray wolves are delisted. NRA and SCI have participated as defendant-intervenors in past litigation regarding the delisting of gray wolves throughout the country and have filed numerous comments with the FWS regarding delisting and wolf management, including comments in support of the rule challenged in this litigation.

**STATEMENT OF THE ISSUES TO BE DECIDED**

1. Whether this Court should grant NRA and SCI intervention as of right to represent the interests of their members in supporting responsible wolf management through regulated hunting, should any states authorize such harvest following the delisting?

2. In the alternative, whether NRA and SCI should be granted permission to intervene given that their defense of the delisting and the role of responsible state management of gray wolves shares common questions of law and fact with Plaintiffs' claims?

3. In the alternative, whether NRA and SCI should be allowed to participate as amici curiae?

**STATEMENT OF RELEVANT FACTS**

Gray wolves have been the subject of numerous delistings under the ESA that have prompted legal challenges. NRA and SCI have participated in most of those challenges, representing their own interests and the interests of their members who wish to hunt gray wolves during state-authorized hunting seasons, as appropriate. NRA and SCI once again seek to intervene in litigation to defend the current delisting of gray wolves under attack in Plaintiffs' First Amended Complaint.

In 2019, the Service published a proposed rule to delist gray wolves in the lower 48 U.S.

NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

states, except for the Mexican wolf.  84 Fed. Reg. 9648 (Mar. 15, 2019).  That proposal was

finalized on November 3, 2020, went into effect on January 4, 2021, and is challenged in this

case.  85 Fed. Reg. 69778 ("Delisting Rule").  Because the wolves are no longer listed under the

ESA, management of gray wolf populations returns to state authorities.  States may authorize

wolf hunting seasons, as they deem appropriate to address gray wolf management.  *E.g.*, 85 Fed.

Reg. at 69796.

NRA and SCI members have concrete plans to hunt gray wolves when states open wolf

seasons to manage wolf populations.  For example, NRA and SCI member Randal Mayes plans

to apply for a tag to hunt wolves in Wisconsin later this year.  Mayes Decl. ¶¶ 7–8.  NRA and

SCI member Anthony Biebl applied for a tag in each of Wisconsin's previous wolf seasons since

2012 but was not drawn.  Biebl Decl. ¶ 6.  He will apply for a tag to hunt wolves in Wisconsin

later this year.  *Id.* ¶ 7.  Likewise, SCI member Francis Tuma will apply for a wolf tag for

Wisconsin's fall 2021 hunt.  Tuma Decl. ¶ 6.  And NRA and SCI member Glenn Goergen will

apply for a tag for the upcoming season to hunt and trap wolves.  Goergen Decl. ¶ 6.

For hunters, the delisting provides other benefits beyond the possible opportunity to

sustainably hunt gray wolves.  Mr. Mayes plans to hunt wolves to "help reduce conflicts between

humans and wolves."  Mayes Decl. ¶¶ 8–10 (noting several dogs killed by wolves); *see also*

Biebl Decl. ¶ 10 (expressing concern that wolves "are becoming increasingly bold and fearless of

humans" and noting a desire to hunt wolves in Wisconsin "to reduce the possibility of human-

wildlife conflict").  Hunters also have an interest in hunting prey species that will be managed by

the states in balance with the gray wolves.  For example, Mr. Mayes wants to hunt wolves to

help ensure that these predators do not impact current deer population levels in the areas where

he hunts.  Mayes Decl. ¶ 9.  Wolves are present on Mr. Biebl's property, and he has seen deer

decline to the point that he has cancelled family deer hunts.  Biebl Decl. ¶ 9.  Likewise, wolf

depredation has reached the point that the deer population has suffered, and Mr. Tuma has

stopped hunting deer in a certain area as a result.  Tuma Decl. ¶ 7.  Both members therefore wish

NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

2

to participate in regulated hunting to sustainably manage wolf populations in these areas.  Biebl
Decl. ¶ 10; Tuma Decl. ¶ 6.  Mr. Goergen estimates that the deer herd on his property has fallen
by 50% since wolves came into the area; consequently, the quality of deer hunting has "eroded
significantly."  Goergen Decl. ¶ 8.  Should Plaintiffs succeed in this litigation, all of these
members worry that they will not be able to participate in regulated hunting of gray wolves to
reduce conflicts, to assist in properly managing healthy and increasing wolf populations in
balance with prey populations, and as a recreational opportunity.  *E.g.*, Mayes Decl. ¶ 12; Biebl
Decl. ¶ 11; Tuma Decl. ¶ 9; Goergen Decl. ¶ 9.

NRA and SCI also have organizational interests in defending the Delisting Rule and state
management and conservation of gray wolves.  The NRA is an IRC § 501(c)(4) nonprofit
incorporated in New York, with its principal place of business in Fairfax, Virginia.  Savani Decl.
¶ 3.  The NRA represents approximately 5 million members and supporters, "including many
hunters who reside in states that will be affected by the outcome of this litigation."  *Id.* ¶ 4.  The
NRA's bylaws direct it "'to promote and defend hunting as a shooting sport and as a viable and
necessary method of fostering the propagation, growth, and conservation of our renewable
wildlife resources.'"  *Id.* ¶ 6.

SCI is an IRC § 501(c)(4) nonprofit organization incorporated in Arizona, with its
headquarters in Washington, D.C. and an office in Tucson.  Goodenow Decl. ¶ 3.  SCI's
membership includes approximately 45,000 individuals from the United States and many
countries around the world.  *Id.* ¶ 4.  Its mission and purposes include the conservation of
wildlife, protection of the hunter, and education of the public concerning hunting and its use as a
conservation tool.  *Id.* ¶ 5.  SCI's advocacy interests focus on the "sustainable use" of wildlife.
This concept recognizes that the well-managed utilization of wildlife directly advances and
incentivizes conservation.  Hunting has been a valuable tool in the conservation of many game
species and habitats, including numerous species in North America.  *Id.* ¶ 9.  As SCI members
hunt and enjoy recreational pursuits in states that could allow wolf hunting now that the species

is delisted, including Wisconsin, SCI's purposes encompass support and protection of wolf

hunting opportunities. *Id.* ¶¶ 10–13.

NRA and SCI regularly engage in litigation to defend hunting and the participation of

hunters in sustainable-use conservation, including having participated in defending the FWS'

prior efforts to delist gray wolves on multiple occasions. Goodenow Decl. ¶ 15 (listing examples

of wolf delisting cases in which NRA and SCI have participated as defendant-intervenors). This

case again challenges the interests of NRA and SCI, and their respective members, prompting

this Motion to Intervene. Savani Decl. ¶¶ 5–11; Goodenow Decl. ¶¶ 11–13.

Plaintiffs filed their First Amended Complaint ("Complaint") on March 10, 2021. Dkt.

25. On March 1, the Court ordered Federal Defendants to file an answer or other responsive

pleading by April 19. Dkt. 20. The deadline for the Joint Case Management Statement is May 7,

and the initial case management conference is scheduled for May 14. *Id.*

## ARGUMENT

## I.   NRA AND SCI SHOULD BE GRANTED INTERVENTION AS OF RIGHT

Under Federal Rule of Civil Procedure 24(a)(2), "the court must permit anyone to

intervene" when the applicant establishes four criteria: (1) the application for intervention must

be timely; (2) the applicant must have a "significantly protectable" interest relating to the

property or transaction that is the subject of the action; (3) the applicant must "be so situated that

disposition of the action may, as a practical matter, impair or impede [the applicant's] ability to

protect that interest"; and (4) the applicant's interest must not be adequately represented by the

existing parties in the lawsuit. *Sw. Ctr. for Bio. Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir.

2001) (citation omitted). Courts "construe Rule 24(a) liberally in favor of potential intervenors."

*Id.* at 818. The Court must also accept the non-conclusory allegations made in support of

intervention as true. *Id.* at 819. Because NRA and SCI meet all of Rule 24(a)(2)'s criteria, this

Court should grant NRA and SCI intervention as of right.

**A.      The Motion to Intervene is timely.**

This motion is timely because it was filed at the very earliest stages of this case.  Courts routinely find intervention motions are timely when filed within a few months of the complaint and the defendant's answer, and before any substantive developments in the suit have occurred. *E.g.*, *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (finding motion to intervene as of right timely when filed less than three months after the complaint and less than two weeks after defendant's answer); *NRDC v. McCarthy*, No. 16-CV-2184, 2016 WL 6520170, *3 (N.D. Cal. Nov. 3, 2016) (finding motion to intervene timely when filed "only a few months after the Complaint, before Defendants have filed their answer, and before any substantive orders have been issued"); *Patriot Contract Servs., LLC v. United States*, No. 04-CV-5428, 2005 WL 8177446, *3 (N.D. Cal. Apr. 21, 2005) (finding motions to intervene timely when filed three months after complaint and one full month before oral argument on motion for preliminary injunction).

Similarly, the Motion to Intervene is timely because this case was filed recently and is still in its early stages.  The existing parties have not filed any substantive motions, the Court has not made any rulings on the merits or even set a briefing schedule, Federal Defendants have not yet filed a pleading responsive to Plaintiffs' Complaint, and the initial case management conference is more than one month away.  NRA and SCI's participation will not prejudice any of the existing parties.  *See, e.g.*, *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Accordingly, NRA and SCI's motion to intervene is timely.

**B.      NRA and SCI have significant protectable interests in the subject matter of this litigation.**

NRA and SCI's motion should be granted because of the interests of their members in hunting gray wolves following delisting and their organizational interests in defending the state's authority to manage gray wolf populations.  "[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with

1  efficiency and due process.'" *Cnty. of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980)

2  (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).  The interest test is met where an

3  applicant "asserts an interest that is protected under some law," and "there is a relationship

4  between its legally protected interest and plaintiff's claim," meaning that "resolution of the

5  plaintiff's claims ***will actually affect*** the applicant."  *United States v. City of Los Angeles*, 288

6  F.3d 391, 398 (9th Cir. 2002) (internal quotation and citation omitted) (emphasis added).  Both

7  elements are satisfied when the plaintiff's requested relief would compel an agency defendant to

8  change its existing regulation of the proposed intervenor's activities.  *See Sierra Club v. U.S.*

9  *EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993), *abrogated on other grounds by Wilderness Soc'y v.*

10  *U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

11      Both NRA and SCI have members with strong interests in preserving the Delisting Rule.

12  With the delisting, primary management authority returns to the states, giving them the

13  discretion to allow the hunting of gray wolves, as appropriate, to provide recreational

14  opportunity, sustainably manage gray wolves, and benefit the health of other game species that

15  are prey for wolves, like deer and moose.  NRA and SCI members intend to participate in these

16  state hunting programs when and where they exist.  *E.g.* Goergen Decl. ¶ 6; Biebl Decl. ¶ 7;

17  Tuma Decl. ¶ 6; Mayes Decl. ¶¶ 7–8.  Thus, NRA and SCI members' interests in hunting gray

18  wolves and other species are protected under state law (*see, e.g.*, Wis. Stat. § 29.185) and are

19  related to Plaintiffs' claims.  *City of Los Angeles*, 288 F.3d at 398.  NRA and SCI also seek to

20  intervene to protect their organizational interests in promoting hunting as a conservation tool.

21      If Plaintiffs succeed in compelling vacatur of the Delisting Rule, it will harm the interests

22  of NRA and SCI members, which further satisfies the interest requirement.  *See Sierra Club*, 995

23  F.2d at 1484.  NRA and SCI's organizational interests will also suffer should Plaintiffs succeed

24  in relisting gray wolves and obstructing future state-authorized hunting opportunities.  In sum,

25  NRA and SCI, and their members, have significant, protectable interests in this case.

26

27

28  NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

1

2

**C.      Disposition of the case will impair NRA and SCI's ability to protect their interests.**

Plaintiffs' requested vacatur of the Delisting Rule will impair the interests of NRA, SCI, and their members.  "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule be entitled to intervene."  *Sw. Ctr. for Bio. Diversity*, 268 F.3d at 822 (internal quotation and citation omitted).  A proposed intervenor demonstrates this requirement by showing that the requested relief will have "direct, immediate, and harmful effect" on its interests.  *Id.* at 818.  The bar here is not high.  Once courts find the proposed intervenor has a significant protectible interest in the case, they typically have "'little difficulty concluding that the disposition of the case may, as a practical matter, affect it.'" *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006)).

As described in the attached declarations, resolving this case in Plaintiffs' favor would return federal protections to gray wolves and impair the interests of NRA and SCI members in hunting gray wolves and other species.  *E.g.* Goergen Decl. ¶ 10; Biebl Decl. ¶ 11; Tuma Decl. ¶ 9; Mayes Decl. ¶ 12.  If the Delisting Rule is vacated, these individuals will lose their ability to hunt wolves in Wisconsin (and other states, should those states eventually decide to establish regulated hunting seasons for gray wolves), and will lose their ability to participate in the sustainable management of wolves.  In addition, these members will lose their ability to hunt and enjoy other species affected by abundant and increasing wolf populations.  As organizations, NRA and SCI's ability to promote "hunting as a valuable means of conserving and managing wolf populations in balance with the other game populations . . ." will be diminished.  Goodenow Decl. ¶ 13; *see also* Savani Decl. ¶¶ 5–6.  Thus, NRA and SCI have satisfied the requirement that their organizational and their members' interests may be impaired by this action.

**D.      NRA and SCI's interests will not be adequately represented by the existing parties.**

A proposed intervenor's burden of showing inadequacy of representation by existing parties is "minimal."  *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

7

1  In determining whether the existing parties adequately represent the interests of a proposed

2  intervenor, the Court considers three factors:  "(1) whether the interest of a present party is such

3  that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is

4  capable and willing to make such arguments; and (3) whether the would-be intervenor would

5  offer any necessary elements to the proceedings that other parties would neglect."  *Sw. Ctr. for*

6  *Bio. Diversity*, 268 F.3d at 822 (citation omitted).  The Court should focus "on the 'subject of the

7  action,' not just the particular issues before the court at the time of the motion."  *Id.* at 823

8  (quoting *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)).

9       Under the first and second factors, Federal Defendants will not "undoubtedly" make all

10  NRA and SCI's arguments or be capable or willing to make them.  *Sw. Ctr. for Bio. Diversity*,

11  268 F.3d at 822.  Federal Defendants may defend the Delisting Rule on its merits based on the

12  reasoning set forth in the Delisting Rule and its administrative record.  But it is highly unlikely

13  that Federal Defendants will make all of the arguments that NRA and SCI will make related to

14  hunting.  It is also highly likely that NRA and SCI will raise procedural arguments that Federal

15  Defendants do not address, as in prior cases.[1]  Moreover, Federal Defendants may not file a

16  motion to dismiss the Complaint, as NRA and SCI have filed as their proposed responsive

17

18

19  _____

20  [1] In addition to the previous wolf delisting litigation in which NRA and SCI have participated as
    defendant-intervenors, Goodenow Decl. ¶ 15, NRA and SCI, jointly and separately, have

21  intervened in a number of other cases related to listing or delisting of species.  In these cases,
    NRA and SCI have raised very different arguments than existing defendants, particularly when it

22  comes to jurisdictional and related issues.  For example, in *Public Employees for Environmental
    Responsibility v. Bernhardt*, a case challenging the delisting of Louisiana black bears, the court

23  specifically noted (in granting SCI's motion for summary judgment) that "[o]nly Safari Club, not
    the government, raises the issue of standing."  No. 18-CV-1547, 2020 WL 601783, *3 (D.D.C.

24  Feb. 7, 2020).  In *Crow Indian Tribe v. United States*, a case challenging the delisting of grizzly
    bears, NRA and SCI interpreted caselaw and federal statutes differently than Federal Defendants,

25  and NRA and SCI appealed different parts of the district court's ruling than Federal Defendants.

26  343 F. Supp. 3d 999 (D. Mont. 2018), *aff'd in part, remanded in part*, 965 F.3d 662 (9th Cir.
    2020).

27

28  NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

8

pleading.[2]  In short, because NRA and SCI and Federal Defendants have differing interests and mandates as well as different litigation strategies, it is doubtful that Federal Defendants will be capable and willing to make all the same arguments that NRA and SCI will make in this matter.

Further, it is unclear whether Federal Defendants will defend the Delisting Rule at all.  A change from one Presidential administration to another suggests that representation by existing parties may not be adequate.  *Sagebrush Rebellion*, 713 F.2d at 528; *see also Alaska v. Zinke*, No. 3:17-CV-13, 2017 WL 1745020, *3 (D. Alaska May 3, 2017) (finding it unreasonable to presume that the federal defendants would defend a challenged regulation due to a change in administration, especially because a similar regulation was nullified by a joint Congressional resolution).[3]  Here, pursuant to an Executive Order, President Biden directed the U.S. Department of the Interior to review the Delisting Rule (among other federal actions taken by the prior Administration) and "consider suspending, revising, or rescinding" the rule.[4]  That review could alter Federal Defendants' position in this case.  Thus, significant uncertainty exists as to whether Federal Defendants will ultimately make the same arguments that NRA and SCI will make or be willing and capable of making those arguments.

The third factor also weighs in favor of intervention, as NRA and SCI offer a necessary element that would otherwise be neglected in the proceedings—a pro-hunting perspective.

---

[2] The Ninth Circuit has ruled that Rule 24(c)'s pleading requirement is "'purely technical'" and "ha[s] approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (citation omitted); *Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 261, 268 n.1 (D. Ariz. 2020) (holding that the court "must" allow intervention when Rule 24(a)(2) factors are met even though the motion did not include a pleading).

[3] The court also held that the federal defendants' "ultimate objective" was unknown because they had not yet responded to the plaintiff's complaint or responded to the motion to intervene.  *Id.*

[4] "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis," (Jan. 20, 2021), *available at* https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/executive-order-protecting-public-health-and-environment-and-restoring-science-to-tackle-climate-crisis/; Fact Sheet: List of Agency Actions for Review (Jan. 20, 2021), *available at* https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/.

NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

Plaintiffs do not support hunting of wolves.  Federal Defendants are government regulators who must represent a constituency of diverse interests including those who disagree with wolf hunting and hunting in general.  Federal Defendants must "represent a broader view than the more narrow, parochial interests of" NRA and SCI and their members, who seek to participate in the hunting of gray wolves and other game species; for this reason, inadequate representation "is most likely to be found."  *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173; *see also Californians For Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998) (holding that union's interests were not adequately represented by government defendants because union's interests were narrower and more parochial than those of the public at large, represented by the government).  NRA and SCI will offer an important differing viewpoint in this litigation.  Nothing ensures that arguments involving hunting (as well as other arguments) will be before the Court unless NRA and SCI intervene.  All three factors support NRA and SCI's intervention in this case.

Beyond the three factors addressed above, a presumption of adequacy of representation may arise "where an applicant for intervention and an existing party have the same ultimate objective."  *Citizens for Balanced Use*, 647 F.3d at 898.  The proposed intervenor rebuts that presumption with a "compelling showing" of inadequacy.  *Id*.  NRA and SCI do not share the same ultimate objective, so no presumption of adequacy of representation applies.

NRA and SCI's ultimate objective is to ensure that their members can participate in wolf hunting seasons when those are authorized by states like Wisconsin.  NRA and SCI also seek to ensure that states are permitted to manage wolves and prey species in balance, such that their members maintain hunting opportunities for other game.  On behalf of their organizational interests, NRA and SCI seek to promote and defend hunting as a conservation tool, for wolves and other species.  Federal Defendants, on the other hand, presumably seek to defend the legality

of their rulemaking.[5]  These objectives are not the same, and NRA and SCI need not overcome

any presumption.  *See W. Watersheds Project v. U.S. Fish & Wildlife Serv.*, No. 4:10-CV-229-

BLW, 2011 WL 2690430, *4 (D. Idaho July 9, 2011) ("On one level, the applicants and the

[agency] share an objective:  Both seek to affirm the [challenged] decision.  But they diverge on

their 'ultimate objective,' which is the test the Court must apply.  The ultimate objective of the

applicants is to prevent, or at least delay as long as possible the effects of the listing; the [agency]

simply seeks confirmation of its administrative process.  Because they do not share the same

ultimate objective, no presumption arises of adequate representation.").

    But even if the Court finds that the presumption of adequacy applies, NRA and SCI have

demonstrated that the presumption is rebutted.  "The most important factor in determining the

adequacy of representation is how the [intervenor's] interest compares with the interests of

existing parties."  *Citizens for Balanced Use*, 647 F.3d at 898 (internal quotations and citations

omitted).  Applying this factor, existing parties cannot adequately represent NRA and SCI's

interests because proposed intervenors and Federal Defendants "do not have sufficiently

congruent interests."  *Sw. Ctr. for Bio. Diversity*, 268 F.3d at 823 (pointing to differing

motivations for intervenor-applicants' and existing parties' shared objective in preserving the

challenged actions as indicative of inadequate representation); *S. Yuba River Citizens League v.

Nat'l Marine Fisheries Serv.*, No. 06-CV-2845-LKK, 2007 WL 3034887, *14 (E.D. Cal. Oct. 16,

2007) (holding that intervention may be appropriate even if the presumption applies if the

intervenor's interests "might diverge from those of the existing parties," and concluding that the

intervenor-applicant's interests would not be adequately represented by the existing parties due

to potential divergence).

    As explained above, NRA and SCI do not have comparable or identical interests with

Federal Defendants, who have no interest in hunting wolves or any other species.  Federal

---

[5] As explained above, serious uncertainty exists as to whether Federal Defendants will defend the Delisting Rule after the FWS reviews the rule.  Such circumstances further indicate that NRA and SCI's ultimate objective differs from Federal Defendants' objective.

1  Defendants also have no interest in promoting state authority to manage wildlife through

2  recreational hunting opportunities.  Because Federal Defendants' and NRA and SCI's interests

3  diverge, the presumption is rebutted.

4         For these reasons, a presumption of adequate representation does not apply, or is rebutted

5  by NRA and SCI's contrasting interests compared to existing parties.  The three factors the Court

6  considers also weigh in favor of finding that existing parties do not adequately represent NRA

7  and SCI's interests.  And in sum, NRA and SCI meet all four criteria for intervention as of right,

8  and the Court should grant their joint Motion to Intervene.

9  **II.    ALTERNATIVELY, NRA AND SCI SHOULD BE GRANTED PERMISSIVE INTERVENTION.**

10        In the alternative, NRA and SCI request permission to intervene under Federal Rule of

11  Civil Procedure 24(b).  Courts allow permissive intervention where the applicant timely moves

12  to intervene and raises a claim that shares common questions of law or fact with the main case.

13  *California v. U.S. EPA*, No. 18-CV-3237, 2018 WL 6069943, *4 (N.D. Cal. Nov. 20, 2018)

14  (citing *City of Los Angeles*, 288 F.3d at 403).  Permissive intervention should be granted when

15  the proposed intervenor's participation in the suit will "assist the court in its orderly procedures

16  leading to the resolution of this case, which [will] impact[ ] large and varied interests."  *Kootenai*

17  *Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002), *abrogated on other grounds by*

18  *Wilderness Soc'y*, 630 F.3d 1173.  In applying this rule, this Court has permitted intervention

19  where equitable considerations weigh in its favor.  *California v. U.S. EPA*, 2018 WL 6069943 at

20  *4 (granting intervention where party's participation "will likely contribute 'to the just and

21  equitable adjudication of the legal questions presented'") (quoting *Perry v. Schwarzenegger*, 630

22  F.3d 898, 905 (9th Cir. 2011)).

23        NRA and SCI should be granted permission to intervene because their defense shares

24  common questions of law and fact with Plaintiffs' Complaint.  Intervenors can satisfy the

25  commonality standard by "assert[ing] defenses of the [challenged party action] directly

26  responsive to the claims for injunction asserted by plaintiffs."  *Kootenai Tribe of Idaho*, 313 F.3d

27

28  NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

                                                                                          12

at 1110.  NRA and SCI's defenses, including their proposed motion to dismiss, directly respond to claims raised by Plaintiffs' Complaint.  Specifically, if the Court does not dismiss Plaintiffs' Complaint, NRA and SCI will provide reasons why the Delisting Rule is justified, fully analyzed the ESA's listing factors, and is based on the best available science.  NRA and SCI will also advocate for the rights of those who wish to hunt wolves and participate in wolf conservation through sustainable harvest practices, which is a critical part of the state-authorized gray wolf management to which Plaintiffs object.  *E.g.*, Dkt. 25, ¶¶ 148, 150, 156.

The other component of Rule 24(b) is met, as NRA and SCI's Motion to Intervene is timely, as discussed above.  This intervention will not unduly delay or prejudice the parties given the early stages of this case and the absence of any substantive decisions or briefing.  As in many other cases, NRA and SCI will abide by all briefing schedules established by this Court.

In addition, equitable considerations weigh in favor of permissive intervention.  Because (1) NRA and SCI have extensive experience with ESA litigation, including litigation regarding wolf populations at issue in this case, (2) they have unique interests and perspectives regarding wolf management, and (3) the outcome of the litigation could have significant and unique impacts on the interests of the organizations and their members, NRA and SCI's participation will contribute to the just and equitable adjudication of this case.  *California v. U.S. EPA*, 2018 WL 6069943 at *4.[6]  Accordingly, the Court should grant permissive intervention if it denies intervention as of right.

---

[6] By contrast, it would be inequitable for this case to proceed without including any party to represent the interests of hunter conservationists.  As the district court noted in granting SCI's motion to intervene in *Public Employees for Environmental Responsibility*, if the plaintiffs prevail, relisting of the species "will serve as a complete bar on Safari Club's pursuit of its preferred conservation approach."  Case No. 18-CV-1547, Dkt. 22 (Mar. 22, 2019).  Given the stakes for NRA and SCI's members, the commonality of NRA and SCI's defenses, and the timeliness of this motion, permissive intervention is proper if the Court denies intervention as of right.

NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   AS A FINAL ALTERNATIVE, NRA AND SCI SHOULD BE GRANTED AMICI CURIAE STATUS.

Finally, if this Court does not grant NRA and SCI status as intervenors, NRA and SCI respectfully request that the Court grant them amici curiae status and the ability to submit amici arguments at each stage of the case.  The Court has "'broad discretion' to permit amicus briefs." *Oakley v. Devos*, No. 20-CV-3215, 2020 WL 3268661, *13 (N.D. Cal. June 17, 2020) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)).  The Court should use that discretion, which is especially appropriate here because this is a case of "general public interest."  *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).  It is also appropriate to allow NRA and SCI to participate as amici to represent the interests of hunter conservationists who will participate in wolf hunting seasons when and if authorized by the states, and whose interests are not represented by Federal Defendants responsible for representing a broad range of constituencies.

### CONCLUSION

For the reasons stated above, NRA and SCI respectfully request that the Court grant their Motion to Intervene or, as a final alternative, grant them amici status in this case.

Dated this 2nd day of April, 2021.

Respectfully Submitted,

/s/ Stanford H. Atwood, Jr.

Stanford H. Atwood, Jr.
CA Bar No. 37362
Atwood & Associates
750 University Avenue, Suite 130
Los Gatos, California 95032
Tel:   408-395-5503
Fax:   408-395-5519
stanford@atwoodlaw.net

*Attorney for Defendant-Intervenor-Applicants National Rifle Association of America and Safari Club International*

NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael T. Jean, MI Bar No. P76010*
Hadan W. Hatch, UT Bar No. 17671*
National Rifle Association of America
11250 Waples Mill Road
Fairfax, VA 22030
Tel: 703-267-1161
Fax: 703-267-3976
mjean@nrahq.org
hhatch@nrahq.org

*Attorneys for Defendant-Intervenor-
Applicant National Rifle Association of
America*

*Motion for *pro hac vice* forthcoming

Jeremy E. Clare, D.C. Bar No. 1015688*
Regina A. Lennox, D.C. Bar No. 1671299*
Safari Club International
501 2nd Street N.E.
Washington, D.C. 20002
Tel: 202-543-8733
Fax: 202-403-2244
jclare@safariclub.org
rlennox@safariclub.org

*Attorneys for Defendant-Intervenor-
Applicant Safari Club International*

*Motion for *pro hac vice* forthcoming

NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

15

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on April 2, 2021, I caused the foregoing document and attachments

3

to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve

4

all counsel of record.

5

6
/s/ Stanford H. Atwood, Jr.
Stanford H. Atwood, Jr.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
NRA and SCI Memo in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

16