Stanford H. Atwood, Jr., CA Bar No. 37362
Atwood & Associates
750 University Avenue, Suite 130
Los Gatos, California 95032
Tel: 408-395-5503
stanford@atwoodlaw.net

Michael T. Jean, MI Bar No. P76010*
Hadan W Hatch, UT Bar No. 17671*
National Rifle Association of America
11250 Waples Mill Road
Fairfax, Virginia 22030
Tel: 703-267-1161
mjean@nrahq.org
hhatch@nrahq.org

Jeremy E. Clare, D.C. Bar No. 1015688*
Regina Lennox, D.C. Bar No. 1671299*
Safari Club International
501 2nd Street N.E.
Washington, D.C. 20002
Tel: 202-543-8733
jclare@safariclub.org
rlennox@safariclub.org

*Attorneys for Defendant-Intervenor-Applicants
National Rifle Association of America and
Safari Club International*
*Appearing *pro hac vice*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> DEBRA HAALAND, *et al.*, <br><br> Defendants, and | Case No. 4:21-cv-349-JSW <br><br> **Related Cases:** <br>   4:21-cv-344-JSW <br>   4:21-cv-561-JSW <br><br> **REPLY IN SUPPORT OF MOTION TO JOINTLY INTERVENE BY NATIONAL RIFLE ASSOCIATION OF AMERICA AND SAFARI CLUB INTERNATIONAL** |

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SAFARI CLUB INTERNATIONAL,<br><br>　　　Defendant-Intervenor-Applicants. | **Hearing Date:** May 7, 2021<br>**Hearing Time:** 9:00<br>**Judge:** Hon. Jeffery S. White |

NRA and SCI Reply in Support of Motion to Intervene, Case No. 4:21-cv-349-JSW

The National Rifle Association of America ("NRA") and Safari Club International ("SCI") submit this brief in further support of their Motion to Jointly Intervene and in reply to Plaintiff Natural Resource Defense Council's ("NRDC") Response (Dkt. 25) ("NRDC Resp."). Because Plaintiffs Defenders of Wildlife *et al.* in Case No. 4:21-cv-344-JSW (Dkt. 28), and Plaintiffs WildEarth Guardians *et al.* in Case No. 4:21-cv-349-JSW (Dkt. 33), joined in NRDC's Response, NRA and SCI also submit this reply brief in reply to those incorporated arguments. For this reason, this reply uses the term "Plaintiffs" collectively, although it specifically addresses the arguments in NRDC's Response in Case No. 4:21-cv-561-JSW.[1]

Plaintiffs do not oppose NRA and SCI's participation in this case as Defendant-Intervenors. Nor do Plaintiffs contest that NRA and SCI fail to meet any of the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a). However, Plaintiffs request that the Court impose five conditions on NRA and SCI's participation. NRDC Resp. at 1. NRA and SCI oppose two of the conditions proposed by Plaintiffs—that NRA and SCI's summary judgment briefs be limited to fewer pages than the other parties and that NRA and SCI's proposed Motions to Dismiss be held in abeyance pending summary judgment briefing.

***First***, the requested restriction on the length of the NRA and SCI's summary judgment briefs is unnecessary given that NRA and SCI will avoid duplicative briefing. Such restrictions, without good reason, are punitive and conflict with the "purpose of Rule 24: to 'dispose of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Keyser v. Tanfield Grp.*, No. 11-CV-236, 2011 WL 13224829, *4 (C.D. Cal. Oct. 13, 2011) (quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002)).

***Second***, the request to delay consideration of NRA and SCI's proposed Motions to Dismiss is unsupported as a matter of both law and fact. As a matter of law, this Court must assure itself of its jurisdiction, *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858,

---

[1] Aside from the caption page and title in the footer of each page, this reply is identical to the replies NRA and SCI submitted in each of the two related cases.

NRA and SCI Reply in Support of Motion to Intervene, Case No. 4:21-cv-349-JSW

1

866 (9th Cir. 2019); it must also dismiss a case once it is clear that jurisdiction does not exist, *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). As a matter of fact, resolution of NRA and SCI's Motions to Dismiss requires only consideration of the allegations in the Plaintiffs' respective complaints. Reference to the Administrative Record that will be lodged by Federal Defendants is not required.

Although the Court may have discretion to condition an intervenor's participation in a case, *United States v. Blue Lake Power, LLC*, 215 F. Supp. 3d 838, 844 (N.D. Cal. 2016) (citing *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991)), those conditions must be "responsive … to the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24 (advisory comm. notes). In *Blue Lake Power*, the intervention came after a consent decree was already entered, so the Court refused to permit the intervenor to raise "state and tribal law claims far beyond the scope" of the statute at issue. 215 F. Supp. 3d at 844. By contrast, these cases are in their earliest stages. The cases can, and will, proceed efficiently—and perhaps more efficiently, if Plaintiffs cannot cure the defects in their pleadings—with timely consideration of NRA and SCI's Motions to Dismiss. Accordingly, NRA and SCI respectfully request that this Court enter the Orders attached to their Motions to Intervene and grant their full participation as Defendant-Intervenors.

## DISCUSSION

**I. The Court should reject Plaintiffs' request to impose an unnecessary page limit on NRA and SCI.**

Plaintiffs ask the Court to impose page limits on NRA and SCI. NRDC Resp. at 3. But Plaintiffs fail to provide any justification for this proposed condition. They merely assert that the Court has the authority to do it, and courts have done it in the past. *Id*. That is insufficient to support the condition. Plaintiffs' request should be rejected.

When a district court grants intervention, it should "promptly 'take all reasonable steps to put the new parties on equal footing with the original parties.'" *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 901 (9th Cir. 2011) (quoting *Cal. ex rel. Lockyer v.*

NRA and SCI Reply in Support of Motion to Intervene, Case No. 4:21-cv-349-JSW

2

*United States*, 450 F.3d 436, 445 (9th Cir. 2006)). Because "the purposes of Rule 24 are best served by permitting the prospective intervenors to engage in all aspects of this litigation, … motions to intervene will be granted without limitation." *The Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 18 (D.D.C. 2000). Indeed, this Court has previously suggested that intervenors have the opportunity to move for additional pages if needed. *Ctr. for Bio. Diversity v. Kempthorne*, No. 08-cv-1339, 2008 WL 4542943, *3 (N.D. Cal. Oct. 2, 2008).[2] Plaintiffs offer no reason to deviate from the standard practice of allowing intervention without limitations here.

Moreover, the Court "must ensure 'that any conditions imposed should be designed to ensure the fair, efficacious, and prompt resolution of the litigation,' while also being consistent with the 'two conflicting goals of intervention: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending.'" *100Reporters LLC v. U.S. Dep't of Just*ice, 307 F.R.D. 269, 285 (D.D.C. 2014) (citation omitted). Thus, Plaintiffs must provide some "concrete or realistic consequences to this litigation from … intervention that might require the Court to impose a limitation on the … intervenor…." *Id*. (quoting *Dacotah Chapter of Sierra Club v. Salazar*, No. 1:12-cv-65, 2012 WL 3686742, *3 (D.N.D. Aug. 27, 2012)). Without providing "compelling reasons" for page limits on an intervenor, the request is "arbitrary and unnecessarily punitive." *Dacotah Chapter of Sierra Club*, 2012 WL 3686742, at *3 (holding that the plaintiff should move the court for additional pages if it requires them instead of imposing conditions on the intervenor); *see also Ctr. for Bio. Diversity v. U.S. Bureau of Land Mgmt*., 266 F.R.D. 369, 374–75 (D. Ariz. 2010) (rejecting the plaintiff's request to impose briefing limitations on NRA and SCI's intervention). By failing to provide "compelling reasons" supporting their request for page limitations, Plaintiffs' request is arbitrary and should be rejected.

The page limit is also unnecessary given that NRA and SCI have agreed to avoid duplicating and repeating arguments made by Federal Defendants. Courts have found that to be

---

[2] NRA and SCI have no intentions of seeking page extensions at this time.

NRA and SCI Reply in Support of Motion to Intervene, Case No. 4:21-cv-349-JSW

3

a sufficient measure to avoid the "'piling on' effect of adding another party to join Federal Defendants." *W. Watersheds Project v. Zinke*, No. 1:18-cv-187, 2018 WL 6816048, *3 (D. Idaho Dec. 27, 2018); *W. Watersheds Project v. U.S. Fish & Wildlife Serv.*, No. 10-cv-229, 2011 WL 2690430, *4 (D. Idaho July 9, 2011).

Finally, the page-limit request is even more punitive when combined with Plaintiffs' requested condition that NRA and SCI hold their jurisdictional arguments and re-brief them during summary judgment. If NRA and SCI are forced to re-brief those arguments later with shortened page limits, then their abilities to represent their members in this case may be severely limited, because there may not be sufficient pages left to make merits-based arguments. NRA and SCI will be in a position far below an "equal footing" to the other defendants. Accordingly, the Court should reject the request.

## II. The Court should reject Plaintiffs' request to delay consideration of NRA and SCI's motions challenging the Court's subject matter jurisdiction.

NRA and SCI also respectfully request that the Court reject the proposed condition to hold in abeyance consideration of NRA and SCI's Motions to Dismiss. "Federal courts are courts of limited jurisdiction … Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction." *Mehr v. Fed'n Internationale de Football Ass'n*, 115 F. Supp. 3d 1035, 1054–55 (N.D. Cal. 2015). A federal court has an affirmative obligation to assure itself of its jurisdiction before proceeding with a case. *See, e.g.*, *Animal Legal Def. Fund*, 935 F.3d at 866 ("courts have an 'independent obligation' to police their own subject matter jurisdiction, including the parties' standing") (citations omitted); *United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'") (citation omitted). For this reason, "the court is under a ***continuing duty to dismiss an action*** whenever it appears that the court lacks jurisdiction." *Augustine*, 704 F.2d at 1077 (emphasis

NRA and SCI Reply in Support of Motion to Intervene, Case No. 4:21-cv-349-JSW

4

added).  Standing is a prerequisite to the court's subject matter jurisdiction.  *Moran v. HSBC Bank USA, N.A.*, No. 5:14-cv-633, 2014 WL 3851305, *3 (N.D. Cal. Aug. 4, 2014).

      NRA and SCI have put this Court's subject-matter jurisdiction in issue for good reason—Plaintiffs' allegations in their respective complaints do not meet two of the requirements of constitutional standing.  In short, Plaintiffs do not carry their burden of "clearly alleging" an injury in fact that is concrete and particularized, and actual or imminent, and they fail to clearly allege that this injury can be redressed by a favorable court order.  It appears that subject matter jurisdiction is lacking; accordingly, the Court should consider NRA and SCI's Motions to Dismiss now, without waiting for summary judgment briefing.

      Plaintiffs argue that the "jurisdictional issue" here—whether they established standing—is "intertwined" with "factual issues going to the merits" of the case.  NRDC Resp. at 2.[3]  That simply is not true.  The merits question here is whether the U.S. Fish and Wildlife Service ("FWS") violated the Endangered Species Act or made an arbitrary decision when it removed the gray wolves from the Endangered Species Act lists ("Delisting Rule").  *E.g.*, *id.*  The standing question is whether Plaintiffs carried their burden of establishing that they personally suffered an injury in fact, causally related to the FWS' actions, and redressable by a favorable court order. *E.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  As this Court has phrased the standing question: "assuming the plaintiffs could win on the merits, should their claims nonetheless be

---

[3] The cases cited by Plaintiffs raised jurisdictional defenses that had nothing to do with standing. For example, *Autery v. United States* involved the "independent contractor exception" barring suit under the Federal Tort Claims Act.  424 F.3d 944 (9th Cir. 2005).  *Roberts v. Corrothers* involved jurisdictional limits on the scope of review of a Parole Commission decision.  812 F.2d 1173, 1176–77 (9th Cir. 1987).  These cases are not a "corollary" of the standard of review—they involve wholly separate situations in which the jurisdictional defense does not turn on the plaintiffs' standing.  In only one case was standing put off until summary judgment—but there, the State of Arizona argued that plaintiffs lacked standing because a newly adopted rule was better for their interests than the former rule.  This argument required the court to consider the merits of the challenged rule—which is not required here.  *See Ctr. for Bio. Diversity v. Jewell*, No. 15-cv-19, 2016 WL 8230644, *3 (D. Ariz. Mar. 31, 2016).

NRA and SCI Reply in Support of Motion to Intervene, Case No. 4:21-cv-349-JSW

5

1  dismissed for lack of standing because the injury they allegedly suffered is not cognizable in
2  federal court?" *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767,
3  788 (N.D. Cal. 2019) (cited by Plaintiffs, NRDC Resp. at 3).  The arguments in NRA and SCI's
4  Motions to Dismiss stand by themselves and require only consideration of the complaints; they
5  do not require consideration of the potential Administrative Record for the Delisting Rule, even
6  assuming that Plaintiffs could win on the merits.

7       In the first argument, NRA and SCI's Motions ask this Court to find that Plaintiffs have
8  not clearly alleged an injury to their aesthetic, recreational, and other interests in observing
9  wolves because they merely assume that removal of ESA protections, by itself, negatively
10 impacts wolf viewing opportunities—without providing any explanation as to why.  *E.g.*,
11 Proposed Mot. to Dismiss, Dkt. 17-9, at 5–6 (citing *Pub. Emps. for Envtl. Resp. v. Bernhardt*,
12 No. 18-cv-1547, 2020 WL 601783, *4 (D.D.C. Feb. 7, 2020) (holding "[i]t is not self-evident
13 what the result of delisting will be for [bear] population levels")).  Evaluating whether Plaintiffs
14 have standing and evaluating this argument requires the Court to construe the complaints and
15 ascertain whether they sufficiently allege how delisting will injure Plaintiffs' members.[4]  It does
16 not raise any factual issues that require reference to the Administrative Record.  Plaintiffs'
17 reliance on *Defenders of Wildlife v. Secretary, U.S. Department of the Interior* is misplaced.  *See*
18 NRDC Resp. at 4.  In that case, the plaintiffs offered affidavits showing that delisting would
19 allow for "takes" of wolves, and those "takes" would impair the abilities of the plaintiffs'

---

21 [4] Plaintiffs argue that "[t]he central thrust of the NRA [and SCI]'s motion is that the removal of federal ESA protections for gray wolves will not affect wolf populations and, thus, will not harm NRDC members with an interest in viewing wolves in the wild," and that "NRA [and SCI] argue[] that gray wolf populations will not decline because FWS concluded in the challenged Delisting Rule that wolf populations in certain areas are 'stable or increasing.'"  NRDC Resp. at 4 (citing Dkt. 17-9, at 6).  That is not the argument that NRA and SCI made.  NRA and SCI argue that Plaintiffs did not ***clearly allege*** an injury in fact from the delisting of gray wolves, as required to establish standing.  *See, e.g.*, ECF 17-9, at 6 ("**the Complaint fails to include allegations** demonstrating why and how delisting will detrimentally impact their interests in observing and recreating with gray wolves") (emphasis added).  Whether wolves are empirically recovered is not raised as an issue in the Motions to Dismiss.

28 NRA and SCI Reply in Support of Motion to Intervene, Case No. 4:21-cv-349-JSW

members to observe wolves. 354 F. Supp. 2d 1156, 1163 (D. Or. 2005). SCI and NRA's specific argument is that Plaintiffs' respective complaints lack any such allegations connecting the delisting to the decreased opportunity to observe wolves in areas where Plaintiffs' members allegedly have an interest in observing wolves. *E.g.*, Dkt. 17-9, at 5–6.

In the second argument, NRA and SCI request that this Court dismiss the complaints because Plaintiffs fail to clearly allege the required geographic nexus between their members and areas affected by the Delisting Rule. *Id.* at 9–12. Notably, NRDC's Response points out that the State of Wisconsin has held, and plans to hold in the near future, a "wolf 'harvest season.'" NRDC Resp. at 2, n.2. The crux of NRA and SCI's argument is that only the State of Wisconsin has held, or plans to hold, a wolf hunt—yet Plaintiffs' respective complaints are devoid of any allegations showing that their members live in or recreate in Wisconsin, and specifically in areas where the wolf hunt would occur and could, potentially, reduce wolf observation opportunities. *E.g.*, Dkt. 17-9, at 10–11. Resolution of this argument requires the Court to review allegations in the complaints about the actions of Plaintiffs' members. It has nothing to do with the FWS' findings in the Delisting Rule or any document that might exist in the Administrative Record.[5]

NRA and SCI also argue that the injury alleged in Plaintiffs' complaints is too speculative and that Plaintiffs' generalized grievances are too non-specific to satisfy the requirements for Article III standing. *Id.* at 6–9, 12. In resolving these arguments, the Court need not look into the Administrative Record. As set forth in the Motions to Dismiss, these are legal conclusions that turn on the nature of the allegations in Plaintiffs' respective complaints and the holdings of the U.S. Supreme Court. They are wholly appropriate arguments for a motion to dismiss, because they do not require resolution of disputed *factual* issues—only legal ones.

---

[5] NRDC's Response does not mention this argument—likely because it has nothing to do with the Administrative Record.

NRA and SCI Reply in Support of Motion to Intervene, Case No. 4:21-cv-349-JSW

7

Finally, NRA and SCI argue that Plaintiffs "fail[] to clearly allege that it is 'likely,' as opposed to merely speculative, that [the alleged] injury will be redressed by a favorable decision." *Id.* at 13 (quoting *Lujan*, 504 U.S. at 561). As explained in the Motions to Dismiss, Plaintiffs' requested relief—remand of the Delisting Rule to the FWS for further consideration—will not redress Plaintiffs' injuries or force the FWS to recover gray wolves in any specific part of the United States. *Id.* Again, the Court need only review the complaints to determine whether Plaintiffs' requested relief will redress their alleged injuries. With respect, Plaintiffs mischaracterize NRA and SCI's Motion when they assert that "NRA [and SCI]'s factual assertions go to a central merits question in the case: whether gray wolves were recovered enough to justify FWS'[] decision to end their ESA protection across the contiguous United States." NRDC Resp. at 4. What the FWS considered in arriving at the conclusions in the Delisting Rule is irrelevant to what Plaintiffs seek in their lawsuits. And whether gray wolves are recovered has nothing to do with the scope of the Court's authority to order a remand to the FWS—the argument made in NRA and SCI's Motions to Dismiss. *E.g.*, Dkt. 17-9, at 13–14.

## CONCLUSION

For the reasons stated above, NRA and SCI respectfully request that the Court grant their Motions to Intervene without the opposed conditions proposed by Plaintiffs.

Dated this 23rd day of April, 2021.

Respectfully Submitted,

Stanford H. Atwood, Jr.
CA Bar No. 37362
Atwood & Associates
750 University Avenue, Suite 130
Los Gatos, California 95032
Tel:   408-395-5503
Fax:   408-395-5519
stanford@atwoodlaw.net

NRA and SCI Reply in Support of Motion to Intervene, Case No. 4:21-cv-349-JSW

8

Michael T. Jean, MI Bar No. P76010*
Hadan W. Hatch, UT Bar No. 17671*
National Rifle Association of America
11250 Waples Mill Road
Fairfax, Virginia 22030
Tel:  703-267-1161
Fax:  703-267-3976
mjean@nrahq.org
hhatch@nrahq.org

/s/ Jeremy E. Clare
Jeremy E. Clare, D.C. Bar No. 1015688*
Regina Lennox, D.C. Bar No. 1671299*
Safari Club International
501 2nd Street N.E.
Washington, D.C.  20002
Tel:  202-543-8733
Fax:  202-403-2244
jclare@safariclub.org
rlennox@safariclub.org

*Attorneys for Defendant-Intervenor-
Applicants National Rifle Association of
America and Safari Club International*
*Appearing pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

/s/ Jeremy E. Clare
Jeremy E. Clare

NRA and SCI Reply in Support of Motion to Intervene, Case No. 4:21-cv-349-JSW

9