UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>U.S. FISH AND WILDLIFE SERVICE, et al.,<br><br>    Defendants. | Case No.  21-cv-00344-JSW<br>            21-cv-00349-JSW<br>            21-cv-00561-JSW<br><br>**ORDER GRANTING MOTIONS TO INTERVENE**<br><br>Re: Dkt. Nos. 21, 26, 17 |
| WILDEARTH GUARDIANS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>DEBRA HAALAND, U.S. SECRETARY OF THE INTERIOR, et al.,<br><br>    Defendants. | |
| NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>    Defendants. | |

Now before the Court for consideration are the motions to intervene filed by National Rifle Association of America ("NRA") and Safari Club International ("SRI") (collectively,

"Intervenors").[1] The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearings scheduled for May 7, 2021. For the following reasons, the Court GRANTS Intervenors' motions.

## BACKGROUND

The NRA is a nonprofit that seeks to "promote and defend hunting as a shooting sport and as a viable and necessary method of fostering the propagation, growth, and conservation of […] renewable wildlife resources." (Mot. to Intervene at 3; Decl. of Joshua R. Savani ¶ 6.) SRI is a nonprofit organization that seeks to conserve wildlife, protect hunters, and educate the public "concerning hunting and its use as a conservation tool." (Mot. to Intervene at 3; Decl. of Rew Goodenow ¶¶ 5,7.)

NRA and SRI seek to intervene to defend the U.S. Fish and Wildlife Service's ("FWS") decision to remove gray wolves in the lower 48 states from the list of endangered and threatened species under the ESA. *See* 85 Fed. Reg. 69778 ("Delisting Rule"). As a result of the Delisting Rule, state authorities are now responsible for managing gray wolf populations, and states may authorize wolf hunting seasons to address gray wolf management. NRA and SCI members intend to hunt gray wolves when permitted by states.

Plaintiffs filed their complaints against FWS and United States Department of the Interior ("Federal Defendants") challenging the Delisting Rule under the APA. Now, NRA and SCI seek to intervene to represent their own interests and the interests of their members who they allege will participate in gray wolf hunting seasons, as appropriate, and who will benefit by other wildlife management efforts that are possible now that gray wolves are delisted. Plaintiffs do not object to NRA and SRI's request to intervene but seek to impose several conditions on the intervention. The Federal Defendants take no position on the motions.

---

[1] NRA and SCI have filed the same motion to intervene in all three related cases. Plaintiff National Resources Defense Counsel ("NRDC") filed a response to the motion to intervene, and the plaintiffs in the related cases filed responses indicating that they join, adopt, and incorporate by reference NRDC's response. *See WildEarth Guardians, et al., v. Haaland*, 21-cv-349-JSW, Dkt. No. 33; *Defenders of Wildlife et al., v. U.S. Fish and Wildlife Service*, 3:21-cv-00344-JSW, Dkt. No. 28.

2

## ANALYSIS

NRA and SCI move to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) ("Rule 24(a)"). Alternatively, they move for permissive intervention under Rule 24(b) or for leave to participate as joint amici curiae. Plaintiffs do not oppose the motion to intervene but request that the Court impose certain conditions on intervention.

**A.    NRI and SCI Are Entitled to Intervention as a Matter of Right.**

Under Rule 24(a), to intervene in a lawsuit as a matter of right, the parties seeking to intervene must show that: "(1) it has a significant protectable interest relating to the property or transaction that is the subject matter of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). An applicant must satisfy all four of these requirements. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). In evaluating these requirements, courts "are guided primarily by practical and equitable considerations." *Donnelly*, 159 F.3d at 409.

The Court first considers whether SCI and NRA have a significantly protectable legal interest that is likely to be impaired. "The requirement of a significantly protectable interest is generally satisfied when the 'interest is protectable under some law, and . . . there is a relationship between the protected interest and the claims at issue." *Arakaki*, 324 F.3d at 1084 (quoting *Sierra Club v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). A protectable interest is "a statutory, contract, or constitutional interest in [the] litigation." *Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 650 (N.D. Cal. 2004). In order to determine whether a party has a sufficient interest relating to the transaction, a court must consider: (1) whether the asserted interest is "protected under some law" and (2) whether there is a "relationship" between the legally protected interest and the claims at issue. *Greene*, 996 F.2d at 976. The Ninth Circuit approaches the "impair or impede" requirement pragmatically: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to

3

intervene." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2011) (quoting Federal Rule of Civil Procedure 24 advisory committee's notes).

According to SCI and NRA, the Delisting Rule gives states the discretion to permit and manage hunting of gray wolves. If Plaintiffs are successful in vacating the Delisting Rule, gray wolves would again be federally protected, which would impair the interest of SCI and NRA members in hunting and impair the ability of NRA and SCI as organizations to promote hunting as a means of sustainably managing wolf populations. The Court finds that SCI and NRA have shown a sufficient legal interest likely to be impaired if Plaintiffs prevail.

The Court next considers the timeliness of the motion to intervene. NRA and SCI filed their motions within a few months of the filing of the complaints. At the time they sought intervention, the Federal Defendants had not yet answered the complaint. A case management schedule has not yet been set, and no substantive motions have been filed. Accordingly, the Court finds this factor satisfied. *See Citizens v. Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

Finally, the Court considers whether SCI and NRA's interests are adequately represented by the Federal Defendants. To determine whether an applicant's interest is adequately represented by the parties, the Court must consider "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) (citing *California v. Tahoe Regional Planning Agency,* 792 F.2d 775, 778 (9th Cir.1986)).

SCI and NRA argue that it is unlikely that the Federal Defendants will make all the arguments that NRA and SCI intend to make related hunting. In addition, SCI and NRA note that the change in Presidential administration creates uncertainty around the Federal Defendants' position in the case and the arguments they will raise. They also argue that they intend to raise procedural arguments that the Federal Defendants have not raised. NRA and SCI have met their burden to show that the Federal Defendants may not adequately represent their interests in this

matter. The Court concludes that this factor for intervention is met.

Accordingly, the Court finds that NRA and SCI may intervene as a matter of right under Rule 24(a). Because the Court finds that the movants may intervene as of right, it need not address arguments concerning permissive intervention or participation as joint amici curiae.

**B.     The Court Grants Plaintiffs' Request to Impose Conditions on NRA and SCI's Intervention, In Part.**

Having determined that NRA and SCI are permitted to intervene, the Court next considers whether to impose certain conditions on intervention. Generally, "intervenors are permitted to litigate fully once admitted to suit." *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997). Rule 24(a) does not explicitly authorize the imposition of conditions or restrictions on intervenors, but the Advisory Committee notes to the 1966 Amendment to Rule 24 provide that "[a]n intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24, 1966 Advisory Committee Notes. Other courts have exercised their discretion to impose "reasonable limitations on the participation of intervenors as of right to ensure the efficient adjudication of the litigation." *United States v. City & Cty. of Honolulu*, No. CIV.07-00235 DAE-KSC, 2007 WL 4800670, at *2–3 (D. Haw. Nov. 21, 2007), *report and recommendation adopted*, No. CIV.07-00235DAE-KSC, 2007 WL 4800686 (D. Haw. Dec. 12, 2007) (citing cases).

Here, Plaintiffs request the imposition of five conditions:

1. Defendant-Intervenors' principal summary judgment brief in each related case shall be limited to two-thirds the length of the plaintiffs' corresponding principal brief, and Defendant-Intervenors' reply in each related case, if any, shall be limited to two-thirds the length of the Federal Defendants' corresponding reply.

2. Defendant-Intervenors shall file their summary judgment briefs in each related case no more than seven calendar days after Federal Defendants file their corresponding brief.

3. Defendant-Intervenors shall endeavor in good faith to avoid duplicative briefing of matters already covered in Federal Defendants' briefs.

4. Defendant-Intervenors may not initiate discovery in any of the above-captioned cases. But, if discovery is initiated by plaintiffs or Federal Defendants in any such case, Defendant-Intervenors may participate in such discovery, subject to any limits agreed upon by the parties or ordered by the Court. This condition shall not be construed as a concession that discovery by any party would be appropriate in these related cases.

5. Defendant-Intervenors' proposed motions to dismiss in each related case will be held in abeyance, pending summary judgment briefing, as outlined above. Defendant-Intervenors may restate any arguments presented in their proposed motions to dismiss as part of their briefing on summary judgment.

(Pltff's Response to Mot. to Intervene at 1.)

NRA and SCI oppose two of Plaintiffs' proposed conditions: the condition regarding the length of NRA and SCI's summary judgment briefs, and the condition requesting that the Court hold NRI and SCI's proposed motion to dismiss in abeyance pending summary judgment briefing. The Court concludes neither restriction is appropriate at this time.

With regard to the summary judgment briefing, the Court declines to impose the page limit requested by Plaintiffs on NRA and SCI. Given that NRA and SCI have agreed that they will avoid duplicative briefing of matters covered in the Federal Defendants' briefs, the Court does not find imposing additional page constraints to be a reasonable limitation on efficient adjudication at present.[2] However, the Court reiterates that NRA and SCI shall not file motions or briefs that repeat arguments presented by Federal Defendants.

The Court also declines to hold the Intervenors' proposed motions to dismiss in abeyance pending summary judgment. In the motion to intervene, NRA and SCI state that they anticipate filing a motion dismiss for lack of standing based on Fed. R. Civ. P. 12(b)(1). Plaintiffs ask the Court to require NRA and SCI to raise their standing arguments as part of the summary judgment briefing instead. Although the Court understands Plaintiffs' desire for an expeditious resolution of the case, it does not find this condition to be a reasonable limitation on the Intervenors' participation in this litigation particularly given that no summary judgment briefing schedule is in

---

[2] The Court advises all parties to review this Court's Civil Standing Orders with regard to summary judgment motions. Should any party seek additional pages beyond that which the Court permits, it should submit a stipulation and proposed order or an administrative motion to that effect for the Court's consideration.

place at this time. The Court directs the parties to meet and confer in advance of the case management conference and propose a case schedule that will permit an efficient adjudication of this matter and that encompasses the intended motion to dismiss and anticipated motions for summary judgment.

## CONCLUSION

Accordingly, the Court GRANTS the motions to intervene. The Court finds it warranted to impose the following unopposed conditions upon the Intervenors in these actions:

- Defendant-Intervenors shall file their summary judgment briefs in each related case no more than seven calendar days after Federal Defendants file their corresponding brief;
- Defendant-Intervenors shall endeavor in good faith to avoid duplicative briefing of matters already covered in Federal Defendants' briefs; and
- Defendant-Intervenors may not initiate discovery in any of the above-captioned cases. But, if discovery is initiated by plaintiffs or Federal Defendants in any such case, Defendant-Intervenors may participate in such discovery, subject to any limits agreed upon by the parties or ordered by the Court. This condition shall not be construed as a concession that discovery by any party would be appropriate in these related cases.

**IT IS SO ORDERED.**

Dated: May 3, 2021

_____
JEFFREY S. WHITE
United States District Judge