George R. Pitts (CA Bar 109827)
Birch, Horton, Bittner, & Cherot, P.C.
1100 Connecticut Ave., NW, Suite 825
Washington, D.C. 20036
(202) 659-5800
gpitts@bhb.com

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.*, | Case No. 4:21-cv-349-JSW |
| Plaintiffs, | **Related Cases:** |
| | 4:21-cv-344-JSW |
| vs. | 4:21-cv-561-JSW |
| DEBRA HAALAND, *et al.*, | |
| Defendants, | **PROPOSED ANSWER OF SPORTSMEN'S ALLIANCE FOUNDATION, ROCKY MOUNTAIN ELK FOUNDATION, WISCONSIN BEAR HUNTERS ASSOCIATION, AND MICHIGAN BEAR HUNTERS ASSOCIATION** |
| and | |
| SPORTSMEN'S ALLIANCE FOUNDATION, ROCKY MOUNTAIN ELK FOUNDATION, WISCONSIN BEAR HUNTERS ASSOCIATION, AND MICHIGAN BEAR HUNTERS ASSOCIATION, | |
| Applicant Defendant-Intervenors. | |

Sportsmen's Alliance Foundation ("SAF"), Rocky Mountain Elk Foundation ("RMEF"), Wisconsin Bear Hunters Association ("WBHA"), and Michigan Bear Hunters Association ("MBHA") (collectively Applicant-Intervenors, the "Sportsmen Conservation Coalition," or "Coalition") provide the following Answer to WildEarth Guardian's, *et. al.* ("Plaintiff's") First Amended Complaint for Declaratory and Injunctive Relief (ECF 25) ("Complaint").

1.      Applicant-Intervenors lack the knowledge and information to respond to the allegations in Paragraph 1. To the extent a response is required, the allegations are admitted.

2.      The allegations in Paragraph 2 are characterizations of Plaintiffs' Complaint to which no response is required. To the extent a response is required, the allegations are denied.

3.      In response to the allegations in Paragraph 3, Applicant-Intervenors admit only that, on November 3, 2020, FWS issued a rule titled Endangered and Threatened Wildlife and Plants; Removal of the Gray Wolf (*Canis lupus*) From the List of Endangered and Threatened Wildlife. 85 Fed. Reg. 69,778 (Nov. 3, 2020) ("Delisting Rule"), and such the rule became effective on January 4, 2021. To the extent the allegations in Paragraph 3 characterize the Delisting Rule, it speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied. The remaining allegations in Paragraph 3 are characterizations of Plaintiffs' Complaint to which no response is required. To the extent a response is required, the allegations are denied.

4.      Applicant-Intervenors deny the allegations in Paragraph 4, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

5.      Applicant-Intervenors deny the allegations in Paragraph 5, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

6.     Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in the first sentence of Paragraph 6, and therefore deny those allegations. Applicant-Intervenors deny the allegations in the second sentence of Paragraph 6.

7.     The allegations in Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8.     The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9.     The allegations in the first sentence of Paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Applicant-Intervenors lack the knowledge or information to respond to the allegations in the second, third, fourth, fifth, and sixth sentences of Paragraph 9. To the extent a response is required, the allegations are denied.

10.    The allegations in the first and second sentences of Paragraph 10 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. In response to the allegations in the third sentence of Paragraph 10, Applicant-Intervenors admit only that Plaintiffs submitted comments on FWS's Proposed Rule Removing the Gray Wolf (*Canis lupus*) From the List of Endangered and Threatened Wildlife, 84 Fed. Reg. 9,648 (Mar. 15, 2019) ("Proposed Rule"). The remaining allegations in the third sentence characterize Plaintiffs' comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the comments are denied.

11.    The allegations in Paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12.    The allegations in the first sentence of Paragraph 12 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Applicant-Intervenors admit

---

Proposed Answer of Sportsmen Conservation Coalition, Case No. 4:21-cv-349-JSW

the allegations in the second and third sentences of Paragraph 12. Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in the fourth sentence of Paragraph 12, and therefore deny the allegations. Applicant-Intervenors deny the allegations in the fifth sentence of Paragraph 12.

13.    Applicant-Intervenors lack the knowledge or information to respond to the factual allegations in Paragraph 13. To the extent a response is required, the allegations are denied. Applicant-Intervenors deny the remaining allegations in Paragraph 13.

14.    Applicant-Intervenors deny the allegations in Paragraph 14.

15.    Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, and fourth sentences of Paragraph 15, and therefore deny the allegations. Applicant-Intervenors deny the allegations in the fifth sentence of Paragraph 15.

16.    Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 16, and therefore deny the allegations. Applicant-Intervenors deny the allegations in the sixth sentence of Paragraph 16.

17.    Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, and fourth sentences of Paragraph 17, and therefore deny the allegations. Applicant-Intervenors deny the allegations in the fifth sentence of Paragraph 17.

18.    Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, fifth, and sixth sentences of Paragraph 18, and therefore deny the allegations. Applicant-Intervenors deny the allegations in the seventh sentence of Paragraph 18.

19.    Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 19, and therefore deny the allegations. Applicant-Intervenors deny the allegations in the sixth sentence of Paragraph 19.

20.     Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, seventh, and eighth sentences of Paragraph 20, and therefore deny the allegations. Applicant-Intervenors deny the allegations in the ninth sentence of Paragraph 20.

21.     Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 21, and therefore deny the allegations. Applicant-Intervenors deny the allegations in the eighth sentence of Paragraph 21.

22.     Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 22, and therefore deny the allegations. Applicant-Intervenors deny the allegations in the sixth sentence of Paragraph 22.

23.     Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 23, and therefore deny the allegations. Applicant-Intervenors deny the allegations in the sixth sentence of Paragraph 23.

24.     Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 24, and therefore deny the allegations.

25.     Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 25, and therefore deny the allegations.

26.     The allegations in the first sentence of Paragraph 26 are too vague and ambiguous to permit a response, and Applicant-Intervenors deny the allegation on that basis.

27.     Applicant-Intervenors deny the allegations in Paragraph 27.

28.     Applicant-Intervenors lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 28, and therefore deny the allegations.

---

Proposed Answer of Sportsmen Conservation Coalition, Case No. 4:21-cv-349-JSW

29.     Applicant-Intervenors deny the allegations in Paragraph 29.

30.     In response to the allegations in Paragraph 30, Applicant-Intervenors admit that Scott de la Vega was the Acting Secretary of the Interior at the time the Complaint was filed, but deny that he is currently the Acting Secretary and aver that Debra Haaland is the Secretary of the Interior.  The remaining allegations in Paragraph 30 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

31.     In response to the allegations in Paragraph 31, Applicant-Intervenors admit only that DOI has responsibility for the administration of the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 31 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

32.     In response to the allegations in Paragraph 32, Applicant-Intervenors admit only that FWS is an agency within DOI to which the Secretary of the Interior has delegated authority to administer the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 32 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

33.     In response to the allegations in Paragraph 33, Applicant-Intervenors admit that Martha Williams is the Senior Advisor to the Secretary, exercising the delegated authority of the Director, FWS and has delegated authority to administer the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34.     Applicant-Intervenors admit the allegations in Paragraph 34.

35.     Applicant-Intervenors admit the allegations in Paragraph 35.

36.     Applicant-Intervenors admit the allegations in Paragraph 36.

37.     Applicant-Intervenors admit the allegations in Paragraph 37.

38.     Applicant-Intervenors admit the allegations in Paragraph 38.

39.     Applicant-Intervenors admit the allegations in Paragraph 39.

40.     Applicant-Intervenors admit the allegations in Paragraph 40.

41.     Applicant-Intervenors admit the allegations in Paragraph 41.

42.     Applicant-Intervenors admit the allegations in Paragraph 42.

43.     In response to the allegations in the first sentence of Paragraph 43, Applicant-Intervenors admit only that one study estimates that hundreds of thousands of wolves occurred in the Western United States and Mexico. Applicant-Intervenors deny the remaining allegations in the first sentence of Paragraph 43. Applicant-Intervenors admit the allegations in the second sentence of Paragraph 43.

44.     In response to the allegations in the first sentence of Paragraph 44, the term "far southeastern region" is too vague and ambiguous to permit a response, and Applicant-Intervenors deny the allegation on that basis. Applicant-Intervenors admit the remaining allegations in the first sentence of Paragraph 44. Applicant-Intervenors deny the allegations in the second sentence of Paragraph 44.

45.     In response to the allegations in Paragraph 45, Applicant-Intervenors admit only that gray wolves in the lower 48 United States exist primarily as two large metapopulations. Applicant-Intervenors deny the remaining allegations in Paragraph 45.

46.     Answering Paragraph 46 of the Complaint, Applicant-Intervenors admit that at the time the Delisting Rule was published the Great Lakes metapopulation consisted of at least 4,200 wolves. Any remaining allegations in Paragraph 46 are denied.

47.     Applicant-Intervenors admit the allegations in the first sentence of Paragraph 47. In response to the allegations in the second sentence of Paragraph 47, Applicant-Intervenors admit only that the year-end minimum counts from 2019 indicate at least 311 gray wolves occurred in Wyoming and 310 in the States of Oregon, Washington, and California. Applicant-Intervenors deny the remaining allegations in the second sentence of Paragraph 47.

48.     Applicant-Intervenors admit the allegations in Paragraph 48 on information and belief.

49.     Applicant-Intervenors deny the allegations in Paragraph 49.

50.     Applicant-Intervenors admit the allegations in Paragraph 50.

51.     Applicant-Intervenors admit the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 characterize the 1978 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain langue, meaning, and context of the 1978 Rule are denied.

53.     Applicant-Intervenors admit the allegations in Paragraph 53.

54.     Applicant-Intervenors deny the allegations in Paragraph 54, which also characterize the Delisting Rule and other, unnamed, rules, which speak for themselves and are the best evidence of their contents.

55.     The allegations in Paragraph 55 characterize FWS's Final Rule To Reclassify and Remove the Gray Wolf From the List of Endangered and Threatened Wildlife in Portions of the Conterminous United States, 68 Fed. Reg. 15,804 (Apr. 1, 2003), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the April 1, 2003 rule are denied.

56.     The allegations in Paragraph 56 characterize two court decisions, *Defenders of Wildlife v. Norton*, 354 F. Supp. 2d 1156 (D. Or. 2005) and *Nat'l Wildlife Fed'n v. Norton*, 386 F. Supp. 2d 553 (D.

Vt. 2005), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of these court decisions are denied.

57.     The allegations in Paragraph 57 characterize two court decisions, *Defenders of Wildlife v. Norton*, 354 F. Supp. 2d 1156 (D. Or. 2005) and *Humane Soc'y v. Zinke*, 856 F.3d 585 (D.C. Cir. 2017), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of these court decisions are denied.

58.     The allegations in Paragraph 58 characterize a court decision, *Nat'l Wildlife Fed'n v. Norton*, 386 F. Supp. 2d 553 (D. Vt. 2005), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the court decision is denied.

59.     The allegations in Paragraph 59 characterize FWS's Final Rule Designating the Western Great Lakes Populations of Gray Wolves as a Distinct Population Segment; Removing the Western Great Lakes Distinct Population Segment of the Gray Wolf From the List of Endangered and Threatened Wildlife, 72 Fed. Reg. 6,052 (Feb. 8, 2007), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the February 8, 2007 rule are denied.

60.     The allegations in Paragraph 60 characterize a court decision, *Humane Soc'y of the U.S. v. Kempthorne*, 579 F. Supp. 2d 7 (D.D.C. 2008), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of this court decision is denied.

61.     The allegations in Paragraph 61 characterize FWS's Final Rule Designating the Northern Rocky Mountain Population of Gray Wolf as a Distinct Population Segment and Removing This Distinct Population Segment From the Federal List of Endangered and Threatened Wildlife, 73 Fed. Reg. 10,514

(Feb. 27, 2008), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the February 27, 2008 rule are denied.

62.     The allegations in Paragraph 62 characterize a court decision, *Defenders of Wildlife v. Hall*, 565 F. Supp. 2d 1160 (D. Mont. 2008), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of this court decision is denied.

63.     The allegations in Paragraph 63 characterize FWS's Final Rule To Identify the Revise the List of Endangered and Threatened Wildlife, 74 Fed. Reg. 15,070 (Apr. 2, 2009), and Final Rule To Identify the Northern Rocky Mountain Population of Gray Wolf as a Distinct Population Segment and To Revise the List of Endangered and Threatened Wildlife, 74 Fed. Reg. 15,123 (Apr. 2, 2009), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the April 2, 2009 rules are denied.

64.     The allegations in Paragraph 64 characterize two court decisions, *Humane Soc'y of the U.S. v. Salazar*, 1:09-CV-1092-PLF (D.D.C. 2009), and *Defenders of Wildlife v. Salazar*, 729 F. Supp. 2d 1207 (D. Mont. 2010), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of these court decisions are denied.

65.     The allegations in Paragraph 65 characterize a congressional action, Department of Defense and Full-Year Continuing Appropriations Act, Public Law 112-10 (2011), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Act are denied.

66. The allegations in Paragraph 66 characterize FWS's Final Rule Revising the Listing of the Gray Wolf (*Canis lupus*) in the Western Great Lakes, 76 Fed. Reg. 81,666 (Dec. 28, 2011), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the December 28, 2011 rule are denied.

Proposed Answer of Sportsmen Conservation Coalition, Case No. 4:21-cv-349-JSW

67.     The allegations in Paragraph 67 characterize two court decisions, *Humane Soc'y of the U.S. v. Jewell*, 76 F. Supp. 3d 69 (D.D.C. 2014), and *Humane Soc'y of the U.S. v. Zinke*, 865 F.3d 585 (D.C. Cir. 2017), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of these court decisions are denied.

68.     The allegations in Paragraph 68 characterize a court decision, *Humane Soc'y of the U.S. v. Zinke*, 865 F.3d 585 (D.C. Cir. 2017), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of this court decision is denied.

69.     The allegations in Paragraph 69 characterize FWS's final rule titled Removal of the Gray Wolf in Wyoming From the Federal List of Endangered and Threatened Wildlife and Removal of the Wyoming Wolf Population's Status as an Experimental Population, 77 Fed. Reg. 55,530 (Sept. 10, 2012), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the September 10, 2012 rule are denied.

70.     The allegations in the first and second sentences of Paragraph 70 characterize two court decisions, *Defenders of Wildlife v. Jewell*, 68 F. Supp. 3d 193 (D.D.C. 2014), and *Defenders of Wildlife v. Zinke*, 849 F.3d 1077 (D.C. Cir. 2017), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of these court decisions are denied. The allegations in the third sentence of Paragraph 70 characterize FWS's final rule titled Reinstatement of Removal of Federal Protections for Gray Wolves in Wyoming, 82 Fed. Reg. 20,284 (May 1, 2017), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the May 1, 2017 rule are denied.

71.     The allegations in Paragraph 71 characterize the proposed rule, referenced therein ("Proposed Rule"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule are denied.

---

72.     The allegations in Paragraph 72 characterize the Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule are denied.

73.     The allegations in Paragraph 73 characterize the Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule are denied.

74.     The allegations in Paragraph 74 characterize the Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule are denied.

75.     The allegations in Paragraph 75 characterize the Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule are denied.

76.     The allegations in Paragraph 76 characterize the Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule are denied.

77.     The allegations in Paragraph 77 characterize the Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule are denied.

78.     The allegations in Paragraph 78 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

79.     The allegations in Paragraph 79 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

80.     The allegations in Paragraph 80 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

81.     The allegations in Paragraph 81 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

82.     The allegations in Paragraph 82 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

83.     The allegations in Paragraph 83 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

84.     The allegations in Paragraph 84 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

85.     The allegations in Paragraph 85 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

86.     The allegations in Paragraph 86 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

87.     The allegations in Paragraph 87 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

88.     The allegations in Paragraph 88 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

89.     The allegations in Paragraph 89 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

90.     The allegations in Paragraph 90 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

91.     The allegations in Paragraph 91 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

92.     The allegations in Paragraph 92 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

93.     Applicant-Intervenors deny the allegations in Paragraph 93.

Proposed Answer of Sportsmen Conservation Coalition, Case No. 4:21-cv-349-JSW

94.     Answering Paragraph 94 of the Complaint, Applicant-Intervenors incorporate by reference their responses to Paragraphs 1 through 93 thereof.

95.     The allegations in Paragraph 95 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

96.     The allegations in Paragraph 96 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

97.     The allegations in Paragraph 97 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

98.     Applicant-Intervenors deny the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 characterize FWS's Policy Regarding the Recognition of Distinct Vertebrate Population Segments Under the Endangered Species Act, 61 Fed. Reg. 4,722 (Feb. 7, 1996) ("DPS Policy"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the DPS Policy are denied.

100.    The allegations in Paragraph 100 characterize the DPS Policy, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the DPS Policy are denied.

101.    The allegations in Paragraph 101 characterize the DPS Policy, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the DPS Policy are denied.

102.    The allegations in Paragraph 102 characterize the DPS Policy, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the DPS Policy are denied.

103.    The allegations in Paragraph 103 characterize the DPS Policy, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the DPS Policy are denied.

104.    The allegations in Paragraph 104 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

105.    The allegations in Paragraph 105 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

106.    The allegations in Paragraph 106 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

107.    The allegations in Paragraph 107 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

108.    Applicant-Intervenors deny the allegations in Paragraph 108.

109.    Applicant-Intervenors deny the allegations in Paragraph 109, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

110.    Applicant-Intervenors deny the allegations in Paragraph 110.

Proposed Answer of Sportsmen Conservation Coalition, Case No. 4:21-cv-349-JSW

111.   Applicant-Intervenors deny the allegations in Paragraph 111, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

112.   Applicant-Intervenors deny the allegations in Paragraph 112, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

113.   Applicant-Intervenors deny the allegations in Paragraph 113, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

114.   Applicant-Intervenors deny the allegations in Paragraph 114.

115.   Applicant-Intervenors deny the allegations in Paragraph 115.

116.   Answering Paragraph 116 of the Complaint, Applicant-Intervenors incorporate by reference their responses to Paragraphs 1 through 115 thereof.

117.   The allegations in Paragraph 117 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

118.   Applicant-Intervenors deny the allegations in Paragraph 118, which also characterize three court decisions, which speak for themselves and are the best evidence of their contents.

119.   Applicant-Intervenors deny the allegations in Paragraph 119.

120.   Applicant-Intervenors deny the allegations in Paragraph 120.

121.   Answering Paragraph 121 of the Complaint, Applicant-Intervenors incorporate by reference their responses to Paragraphs 1 through 120 thereof.

122.   The allegations in Paragraph 122 characterize the ESA and a court decision, *Defenders of Wildlife v. Norto*n, 258 F. 3d 1136 (9th Cir. 2001), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute or the court decision are denied.

123.     The allegations in Paragraph 123 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the ESA are denied.

124.     The allegations in Paragraph 124 characterize the ESA and a court decision, *Defenders of Wildlife v. Norton*, 258 F. 3d 1136 (9th Cir. 2001), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute or the court decision are denied.

125.     Applicant-Intervenors deny the allegations in Paragraph 125, which also characterize the ESA and a court decision, *Defenders of Wildlife v. Norton*, 258 F. 3d 1136 (9th Cir. 2001), which speaks for itself and is the best evidence of its contents.

126.     Paragraph 126 states legal conclusions to which no response is required.

127.     The allegations in the first sentence of Paragraph 127 characterize FWS's Final Policy on Interpretation of the Phrase "Significant Portion of Its Range" in the Endangered Species Act's Definitions of "Endangered Species" and "Threatened Species" ("SPR Policy"), 79 Fed. Reg. 37,578 (July 1, 2014), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the SPR Policy are denied. The allegations in the second sentence of Paragraph 127 characterize two court decisions, *Center for Biological Diversity v. Jewell*, 248 F. Supp. 3d 946, 956 (D. Ariz. 2017), and *Desert Survivors v. U.S. Dep't of the Interior*, 321 F. Supp. 3d 1011 (N.D. Cal. 2018), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of these court decisions are denied.

128.     The allegations in Paragraph 128 characterize the Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule are denied.

---

129.    The allegations in Paragraph 129 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

130.    Applicant-Intervenors deny the allegations in Paragraph 130, which also characterize a court decision, *Tucson Herpetological Soc. v. Salazar*, 566 F. 3d 870, 876 (9th Cir. 2009), which speaks for itself and is the best evidence of its contents.

131.    Applicant-Intervenors deny the allegations in Paragraph 131, which also characterize a court decision, *Tucson Herpetological Soc. v. Salazar*, 566 F. 3d 870, 876 (9th Cir. 2009), which speaks for itself and is the best evidence of its contents.

132.    Applicant-Intervenors deny the allegations in Paragraph 132, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

133.    Applicant-Intervenors deny the allegations in Paragraph 133, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

134.    Applicant-Intervenors deny the allegations in Paragraph 134, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

135.    Applicant-Intervenors deny the allegations in Paragraph 135, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

136.    Applicant-Intervenors deny the allegations in Paragraph 136, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

137.    Applicant-Intervenors deny the allegations in Paragraph 137, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

138.    Applicant-Intervenors deny the allegations in Paragraph 138.

139.     Answering Paragraph 139 of the Complaint, Applicant-Intervenors incorporate by reference their responses to Paragraphs 1 through 138 thereof.

140.     The allegations in Paragraph 140 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute or regulations are denied.

141.     The allegations in Paragraph 141 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute or regulations are denied.

142.     Applicant-Intervenors deny the allegations in Paragraph 142, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

143.     Applicant-Intervenors deny the allegations in Paragraph 143, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

144.     Applicant-Intervenors deny the allegations in Paragraph 144, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

145.     Applicant-Intervenors deny the allegations in Paragraph 145, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

146.     Applicant-Intervenors deny the allegations in Paragraph 146, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

147.     Applicant-Intervenors deny the allegations in Paragraph 147, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

148.     Applicant-Intervenors deny the allegations in Paragraph 148, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

149.     Applicant-Intervenors deny the allegations in Paragraph 149, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

150.     Applicant-Intervenors deny the allegations in Paragraph 150, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

151.     Applicant-Intervenors deny the allegations in Paragraph 151, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

152.     Applicant-Intervenors deny the allegations in Paragraph 152, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

153.     Applicant-Intervenors deny the allegations in Paragraph 153, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

154.     Applicant-Intervenors deny the allegations in Paragraph 154, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

155.     Applicant-Intervenors deny the allegations in Paragraph 155, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

156.     Applicant-Intervenors deny the allegations in Paragraph 156, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

157.     Applicant-Intervenors deny the allegations in Paragraph 157, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

158.     Answering Paragraph 158 of the Complaint, Applicant-Intervenors incorporate by reference their responses to Paragraphs 1 through 157 thereof.

159.     The allegations in Paragraph 159 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, or context of the ESA are denied.

160.     Applicant-Intervenors deny the allegations in Paragraph 160, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents

161.     Applicant-Intervenors deny the allegations in Paragraph 161, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

162.     Applicant-Intervenors deny the allegations in Paragraph 162, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

163.     Applicant-Intervenors deny the allegations in Paragraph 163, which characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

164.     Answering Paragraph 164 of the Complaint, Applicant-Intervenors incorporate by reference their responses to Paragraphs 1 through 163 thereof.

165.     The allegations in Paragraph 165 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, or context of the ESA are denied.

166.     Applicant-Intervenors deny the allegations in Paragraph 166, which also characterize FWS?s Post-Delisting Monitoring Plan Guidance Under the Endangered Species Act at 4-1 (August 2008) ("Post-Delisting Monitoring Guidance"), which speaks for itself and is the best evidence of its contents.

167.     Applicant-Intervenors deny the allegations in Paragraph 167, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

168.     Applicant-Intervenors deny the allegations in Paragraph 168, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

Proposed Answer of Sportsmen Conservation Coalition, Case No. 4:21-cv-349-JSW

169.    Applicant-Intervenors deny the allegations in Paragraph 169, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

170.    Applicant-Intervenors deny the allegations in Paragraph 170, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

171.    Applicant-Intervenors deny the allegations in Paragraph 171, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

172.    Applicant-Intervenors deny the allegations in Paragraph 172, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

173.    Answering Paragraph 173 of the Complaint, Applicant-Intervenors incorporate by reference their responses to Paragraphs 1 through 172 thereof.

174.    The allegations in Paragraph 174 characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations are denied.

175.    The allegations in Paragraph 175 characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations are denied.

176.    Applicant-Intervenors deny the allegations in Paragraph 176.

177.    Applicant-Intervenors deny the allegations in Paragraph 177, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

178.    Applicant-Intervenors deny the allegations in Paragraph 178, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

179.    Applicant-Intervenors deny the allegations in Paragraph 179.

180.    Applicant-Intervenors deny the allegations in Paragraph 180.

181.    The remainder of Plaintiffs' Complaint constitutes their request for relief, to which no response is required. To the extent a response is required, Applicant-Intervenors deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

182.    Any allegations in the Complaint not expressly admitted herein is denied. Applicant-Intervenors deny any allegations in the Complaint, whether express or implied, or in the attachments thereto, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

183.    The Plaintiffs may lack standing to bring some or all of the claims set forth in the complaint.

WHEREFORE, Applicant-Intervenors pray that the complaint be dismissed with prejudice, and that they be awarded such other and further relief as may seem appropriate under the circumstances of this case.    Dated: May 13, 2021                              Respectfully submitted,

                                                /s/ George R. Pitts          _
                                                James H. Lister (AK Bar 1611111)[*]
                                                George R. Pitts (CA Bar 109827)
                                                Nicole M. Bayne (CA Bar 328392)[**]
                                                Birch, Horton, Bittner, & Cherot, P.C.
                                                1100 Connecticut Ave., NW, Suite 825
                                                Washington, D.C. 20036
                                                (202) 659-5800
                                                jlister@dc.bhh.com


*Counsel for Applicant-Intervenors Sportsmen's Alliance Foundation, Rocky Mountain Elk Foundation, Michigan Bear Hunters Association, and Wisconsin Bear Hunters Association.*

[*] *Motion for pro-hac vice status pending*
[**] *Petition for admission pending*

---

### CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

/s/   George R. Pitts_____
George R. Pitts

Proposed Answer of Sportsmen Conservation Coalition, Case No. 4:21-cv-349-JSW