Stanford H. Atwood, Jr., CA Bar No. 37362
Atwood & Associates
750 University Avenue, Suite 130
Los Gatos, California 95032
Tel:  408-395-5503
stanford@atwoodlaw.net

Michael T. Jean, MI Bar No. P76010*
Hadan W Hatch, UT Bar No. 17671*
National Rifle Association of America
11250 Waples Mill Road
Fairfax, Virginia 22030
Tel:  703-267-1161
mjean@nrahq.org
hhatch@nrahq.org

Jeremy E. Clare, D.C. Bar No. 1015688*
Regina Lennox, D.C. Bar No. 1671299*
Safari Club International
501 2nd Street N.E.
Washington, D.C. 20002
Tel:  202-543-8733
jclare@safariclub.org
rlennox@safariclub.org

*Attorneys for Defendant-Intervenors*
*National Rifle Association of America and*
*Safari Club International*
*Appearing pro hac vice

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| WILDEARTH GUARDIANS et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DEBRA HAALAND et al.,<br><br>Defendants, and | Case No. 4:21-cv-349-JSW<br><br>**Related Cases:**<br>  4:21-cv-344-JSW<br>  4:21-cv-561-JSW<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS BY NATIONAL RIFLE ASSOCIATION OF AMERICA AND SAFARI CLUB INTERNATIONAL** |

NRA and SCI Reply in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

| | |
|---|---|
| 1  NATIONAL RIFLE ASSOCIATION OF AMERICA and SAFARI CLUB | **Hearing Date:** June 25, 2021 |
| 2  INTERNATIONAL, | **Hearing Time:** 9:00 |
| 3         Defendant-Intervenors. | **Judge:** Hon. Jeffery S. White |

28  NRA and SCI Reply in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

**REPLY IN SUPPORT OF MOTION TO DISMISS BY NATIONAL RIFLE ASSOCIATION OF AMERICA AND SAFARI CLUB INTERNATIONAL**

The National Rifle Association of America ("NRA") and Safari Club International ("SCI") submit this brief in further support of their Motion to Dismiss (Dkt. 44) and in reply to Plaintiffs WildEarth Guardians' et al. Response to Motion to Dismiss (Dkt. 59) ("Plaintiffs' Response").

NRA and SCI respectfully request that this Court grant their Motion to Dismiss and dismiss the Plaintiffs' operative First Amended Complaint (Dkt. 25) for lack of jurisdiction. Plaintiffs did not refute the arguments in the Motion. Instead, Plaintiffs effectively concede that their First Amended Complaint fails to demonstrate Article III standing by filing another amended complaint. But Plaintiffs had no right to make such a filing under the Federal Rules of Civil Procedure, and they never requested this Court's leave or the parties' consent to such a filing.

In addition, the putative amended complaint fails to address one of the two primary arguments in NRA and SCI's Motion to Dismiss.

Because Plaintiffs failed to refute or otherwise resolve the arguments in the Motion to Dismiss, this Court should deem the Motion to Dismiss unopposed, grant the Motion, and dismiss Plaintiffs' operative First Amended Complaint.

**BACKGROUND**

On April 2, 2021, NRA and SCI moved to jointly intervene in this case. *See* Dkt. 26. Plaintiffs did not oppose that motion, but requested that the Court impose certain conditions on NRA and SCI's participation. *See* Dkt. 33. NRA and SCI agreed to abide by three of those conditions and opposed two of the requested conditions. *See* Dkt. 37.

On May 3, 2021, this Court granted NRA and SCI's motion to intervene, granted Plaintiffs' request to impose the three uncontested conditions, and denied Plaintiffs' request to impose the two contested conditions. Dkt. 39. The Court "direct[ed] the parties to meet and confer in advance of the case management conference and propose a case schedule that will

NRA and SCI Reply in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

1

permit an efficient adjudication of this matter and that encompasses the intended motion to dismiss and anticipated motions for summary judgment." *Id.*

On May 6, NRA and SCI filed the Motion to Dismiss that originally was attached to their motion to jointly intervene. Dkt. 44; *see also* Dkt. 26-9. On May 7, the parties, including NRA and SCI, filed a joint case management statement. Dkt. 46. In that statement, Plaintiffs and Federal Defendants proposed a briefing schedule for the Motion to Dismiss and potential motions for summary judgment, and NRA and SCI requested a different briefing schedule to give the Court an opportunity to decide the Motion to Dismiss prior to commencement of summary judgment briefing. *See id.*

On May 10, this Court issued an order continuing the previously scheduled case management conference until July 2, 2021. The Court found it "premature to set additional case deadlines at this time," "in light of the pending motion to dismiss." Dkt. 47. The Court's order did not address the schedule for briefing the Motion to Dismiss, which therefore defaulted to the schedule established by the Local Rules. N.D. Cal. L. Civ. R. 7-3.

On May 20, the deadline for responding to NRA and SCI's Motion to Dismiss, Plaintiffs filed a putative Second Amended Complaint (Dkt. 58), along with ten supporting declarations. The Second Amended Complaint purports to be filed under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Dkt. 58, ¶ 1. In addition, Plaintiffs filed their one-page Response, which claims that "[t]he filing of Plaintiffs' Second Amended Complaint moots Defendant-Intervenors' NRA et al.'s Motion to Dismiss, which alleged Plaintiffs failed to meet the requirements of Article III standing to pursue this lawsuit." Dkt. 59, at 2.[1]

---

[1] Plaintiffs' Response asserts, without argument and without citing any case which permits an untimely opposition, that "Plaintiffs dispute the allegations and arguments made by NRA et al. in their May 6, 2021 Motion to Dismiss, and reserve the right to oppose this and any future Motions to Dismiss that may be filed in this litigation." Dkt. 59, at 2.

NRA and SCI Reply in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

2

Immediately before filing this Reply, NRA and SCI filed a Motion to Dismiss and Strike the Second Amended Complaint ("Motion to Dismiss and Strike"), because the Second Amended Complaint fails to comply with the Federal Rules of Civil Procedure.

## DISCUSSION

A court may dismiss a complaint due to the plaintiff's failure to oppose a motion when the plaintiff had notice and opportunity to respond. *E.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *Pour v. Wells Fargo Bank*, No. 20-CV-2447, 2021 WL 1134419, *5 (N.D. Cal. Feb. 22, 2021) (dismissing complaint as "effectively unopposed" where the plaintiff "filed a two-page opposition brief devoid of substance") (citing *Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197, 1210 n.7 (N.D. Cal. 2013) (finding the plaintiff effectively conceded issues to which he failed to respond in his opposition brief)).[2] Plaintiffs here were well aware of their opportunity to respond to the Motion to Dismiss. In fact, the Motion to Dismiss was lodged with NRA and SCI's motion to jointly intervene, on April 2, 2021, before being filed on the docket after this Court granted intervention. Thus, Plaintiffs had more than six weeks to prepare Plaintiffs' Response. But rather than substantively addressing NRA and SCI's specific arguments, they chose to submit the Second Amended Complaint instead. *See* Pls.' Resp., Dkt. 59.

---

[2] In *Ghazali*, the Court identified five factors that a district court should consider before dismissing a case for lack of opposition: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." 46 F.3d at 53. Here, factors (2), (3), and (5) all weigh in favor of granting NRA and SCI's motion. As set forth in the Motion to Dismiss and Strike, Plaintiffs have muddied this case procedurally, and the Court is left in a situation without a proper operative complaint. Defendants are prejudiced by this procedural confusion and will not be prejudiced by dismissal of the First Amended Complaint. Plaintiffs also had ample opportunity—and a directive from this Court, *see* Dkts. 39 & 47—to resolve the Motion to Dismiss. However, they failed to address the legal arguments related to redressability raised by that Motion.

NRA and SCI do not oppose dismissal of the Plaintiffs' First Amended Complaint without prejudice, although they reserve the right to challenge Plaintiffs' standing upon the proper submission of an amended complaint. *Accord Siphengphone v. Wells Fargo Bank, N.A.*, No. 17-CV-2117, 2018 WL 490747, *1 (S.D. Cal. Jan. 19, 2018).

NRA and SCI Reply in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

3

Yet, as discussed in NRA and SCI's Motion to Dismiss and Strike, Plaintiffs' Second Amended Complaint was not timely filed under Rule 15(a)(1)(B). Plaintiffs' Second Amended Complaint was filed within 21 days of NRA and SCI's Motion to Dismiss, but it was Federal Defendants' Answer, ***not*** NRA and SCI's Motion, which triggered the Rule 15(a)(1)(B) deadline.

Accordingly, the Second Amended Complaint does not, and cannot, replace the First Amended Complaint. *See, e.g.*, *Gudenavichene v. Mortg. Elec. Reg. Sys., Inc.*, No. 12-cv-82, 2012 WL 1142868, *1 (D. Nev. Apr. 4, 2012) (holding that amended complaint which did not comport with Rule 15(a)(1)(B) could not be amended "as a matter of course" and was inoperative). The First Amended Complaint continues to suffer from two primary deficiencies: (1) Plaintiffs did not carry their burden of demonstrating the required injury in fact, and (2) Plaintiffs did not carry their burden of demonstrating that a favorable ruling from this Court could address their alleged injury. Plaintiffs essentially concede that the First Amended Complaint does not adequately establish an injury in fact—the Second Amended Complaint contains additional allegations regarding their members' alleged use of geographic areas where wolves may be hunted, and they submitted supporting declarations. However, the Second Amended Complaint does not, and cannot, address the largely legal question of whether this Court can redress the Plaintiffs' alleged injury. And Plaintiffs' Response does not offer any argument or explanation on either point. It simply does not address the merits of NRA and SCI's Motions to Dismiss.

Thus, NRA and SCI's Motion to Dismiss is unopposed. It should be granted, and the case should be dismissed, because Plaintiffs had more than sufficient notice and opportunity to respond. *Ghazali*, 46 F.3d at 53; *Pour*, 2021 WL 1134419 at *5.

NRA and SCI Reply in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

4

# CONCLUSION

For the reasons stated above, Plaintiffs did not oppose NRA and SCI's Motion to Dismiss, and that Motion should be granted in its entirety. Plaintiffs' operative First Amended Complaint should be dismissed.

Dated this 27th day of May, 2021.

Respectfully Submitted,

Stanford H. Atwood, Jr.
CA Bar No. 37362
Atwood & Associates
750 University Avenue, Suite 130
Los Gatos, California 95032
Tel: 408-395-5503
Fax: 408-395-5519
stanford@atwoodlaw.net

Michael T. Jean, MI Bar No. P76010*
Hadan W. Hatch, UT Bar No. 17671*
National Rifle Association of America
11250 Waples Mill Road
Fairfax, Virginia 22030
Tel: 703-267-1161
Fax: 703-267-3976
mjean@nrahq.org
hhatch@nrahq.org

/s/ Jeremy E. Clare
Jeremy E. Clare, D.C. Bar No. 1015688*
Regina Lennox, D.C. Bar No. 1671299*
Safari Club International
501 2nd Street N.E.
Washington, D.C. 20002
Tel: 202-543-8733
Fax: 202-403-2244
jclare@safariclub.org
rlennox@safariclub.org

*Attorneys for Defendant-Intervenors*
*National Rifle Association of America and*
*Safari Club International*
*Appearing pro hac vice*

NRA and SCI Reply in Support of Motion to Dismiss, Case No. 4:21-cv-349-JSW

5

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

                                          /s/ Jeremy E. Clare
                                          Jeremy E. Clare