JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace 370
Denver, Colorado 80202
Tel: 303-844-1479 / Fax: 303-844-1350
Email: Michael.Eitel@usodj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH AND WILDLIFE SERVICE, et al., <br><br> Defendants. | Case No.  21-cv-00344-JSW <br> 21-cv-00349-JSW <br> 21-cv-00561-JSW <br><br> **ADMINISTRATIVE RECORD CERTIFICATION** |
| WILDEARTH GUARDIANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA HAALAND, U.S. SECRETARY OF THE INTERIOR, et al., <br><br> Defendants. | |
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiff <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al., <br><br> Defendants. | |

1. I, Maricela Constantino, am employed as a biologist in the Branch of Delisting and Foreign Species within the Ecological Services Program of the U.S. Fish and Wildlife Service ("FWS"), an agency of the U.S. Department of the Interior ("DOI"), located in Washington, D.C. I am the project manager for the rule challenged in this case, Removing the Gray Wolf (Canis lupus) From the List of Endangered and Threatened Wildlife, 85 Fed. Reg. 69,778 (Nov. 3, 2020) ("Delisting Rule").

2. As the project manager for the Delisting Rule, I led a team of biologists from multiple FWS regions. Among other duties, I coordinated the drafting process for the proposed and final rules; oversaw the process of reviewing and responding to public comments; coordinated with FWS Tribal liaisons, external affairs, and congressional and legislative affairs staff; represented the team on all briefings for senior leadership in FWS and DOI; and maintained the decision file for the Delisting Rule.

3. To compile the Administrative Record for the Delisting Rule, FWS included those documents that FWS's decision-makers considered directly or indirectly in issuing the Delisting Rule. In doing so, FWS in part followed the October 20, 2017 guidance from the U.S. Department of Justice ("DOJ") (Attachment 1), which provides that deliberative documents generally are not properly part of an administrative record. At Plaintiffs' request, FWS included certain deliberative documents to prevent unnecessary delay and avoid the need for motions practice. These documents are (1) non-privileged internal analysis and emails concerning Plaintiffs' 2018 Distinct Population Segment petition and a privilege log of any documents in this category being withheld; and (2) non-privileged internal analysis and emails concerning the independent scientific peer reviews on the Delisting Rule and a privilege log of any documents in this category being withheld.

4. DOI received over 1.5 million public comments on the proposed rule to delist the gray wolf. Due to the volume of the comments, FWS did not include every comment in the Administrative Record lodged with the Court. All public comments for the rulemaking are available at Regulations.gov, https://www.regulations.gov/document/FWS-HQ-ES-2018-0097-0001, and are incorporated by reference into this Administrative Record. We also included in the Administrative Record lodged with the Court a subset of public comments that we identified as substantive, such as those with attachments. We did not include form letters.

5. I hereby certify, to the best of my knowledge, that the attached index lists the documents that comprise the Administrative Record for the Delisting Rule.

Dated 5/28/2021

Maricela Constantino
Biologist
Branch of Delisting and Foreign Species
Ecological Services Program

# ATTACHMENT 1



**U.S. Department of Justice**

Environment and Natural Resources Division

*Assistant Attorney General*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530-0001*

*Telephone (202) 514-2701*
*Facsimile (202) 514-0557*

October 20, 2017

**MEMORANDUM**

To:         Selected Agency Counsel

From:     Jeffrey H. Wood
            Acting Assistant Attorney General

Re:        Administrative Record Compilation in light of
            *In re Thomas E. Price*, Ninth Cir. No. 17-71121

The Environment and Natural Resources Division ("ENRD") wants to alert you to a petition for writ of mandamus recently filed by the Department of Justice ("DOJ"), which addresses the scope of the administrative record in Administrative Procedure Act ("APA") record-review litigation. The administrative record compiled by the agency is the focus of judicial review. Success in record-review litigation depends on agencies producing a complete and comprehensive record. As always, administrative records certified by agencies should be forthrightly and expeditiously prepared and be complete.

The mandamus petition, *In re Thomas E. Price*, Ninth Cir. No. 17-71121, expresses DOJ's view (as authorized by the Office of the Solicitor General) that agency deliberative documents are *not* properly considered part of the administrative record and therefore generally should not be produced as part of the record filed with the court, nor listed in a privilege log. As the *Price* petition explains, agency deliberative documents—*i.e.*, documents reflecting the agency's predecisional deliberative process—generally are not relevant to APA review, and including them in the administrative record would inhibit agency decision-making.

As litigation in the Ninth Circuit develops, ENRD intends to provide updated guidance on best practices for handling deliberative documents when producing an administrative record. For now, we want to make sure you know that the *Price* petition represents the view of the United States on this issue, and that any contrary guidance you may have received from ENRD, including the January 1999 document entitled "Guidance to the Federal Agencies in Compiling the Administrative Record," should be disregarded.[1] This updated guidance is specifically

---

[1] Please note that a prior December 2008 Assistant Attorney General Memorandum regarding the 1999 document stated that the 1999 document did not dictate any binding requirement for the assembly of the administrative record and should not be read to cast doubt on DOJ's long-advanced position that deliberative documents generally should not be included in an administrative record. To the extent the 2008 memorandum itself suggested that whether to include deliberative documents in the administrative record is a matter of agency discretion, the position of the

focused on documents that are part of the agency's deliberative process and does not address non-deliberative documents that an agency deems appropriate to include in an administrative record. Agencies should continue to follow their existing practices with regard to non-deliberative documents.

The United States' view of the scope of the administrative record is explained at pages 12–19 of the *Price* petition. To summarize, the proper scope of the administrative record in an APA action is "bounded by the proper scope of administrative review." Pet. 13. Absent a "strong showing of bad faith," administrative review is limited to an agency's stated reasons for its decisions, rather than an interrogation of the agency's subjective motives. *Id.* 13–14. But because inquiry into the agency's internal deliberations is immaterial to the purposes of record-review litigation, and would chill free and frank agency deliberation, deliberative documents are not properly considered part of the administrative record. *Id.* at 15. As such, deliberative documents generally should not be produced as part of the administrative record filed with a court, nor listed in a privilege log.

While it may be appropriate in unusual circumstances for an agency to produce deliberative materials as part of an administrative record, any decision to do so should proceed mindful that inclusion of deliberative materials is a deviation from the usual rule and may serve as a harmful precedent in other cases. Agencies should consult with DOJ attorneys to determine whether special reasons for deviating from the usual rule apply in any particular case or jurisdiction. We also suggest that agencies consider reviewing their existing regulations and guidance for consistency with the position expressed herein. Questions regarding this guidance may be directed to the Law and Policy Section of ENRD.

---

United States is more correctly stated in the *Price* petition: Such documents generally should not be regarded as part of the record.