JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace 370
Denver, Colorado 80202
Phone: (303) 844-1479 / Fax: (303) 844-1375
Email: Michael.Eitel@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al*., <br><br> Plaintiffs, <br><br> vs. <br><br> HAALAND, *et al*., <br><br> Federal Defendants. | Case. No. 4:21-cv-00349-JSW <br><br> Related Case No. 4:21-cv-00344-JSW <br> 4:21-cv-00561-JSW <br><br><br> **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Federal Defendants Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior ("DOI"),[1] the U.S. Department of the Interior, the U.S. Fish and Wildlife Service ("FWS"), and Martha Williams, in her official capacity as Senior Advisor to the Secretary, Exercising the Delegated Authority of the Director, FWS, provide the following Answer to Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief (ECF 58) ("SAC"). Plaintiffs argue they were entitled to file a SAC as of right under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure because they were responding to intervenors' motion to dismiss. ECF 58 ¶ 1. But the Federal Rules do not allow serial amendments of complaints as of

---

[1] Debra Haaland is automatically substituted for Scott de la Vega pursuant to Fed. R. Civ. P. 25(d).

right anytime an intervenor files a responsive pleading. *U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015) (a plaintiff's right to amend as of right does not renew "each time the defendants filed a responsive pleading (either an answer or a responsive motion) to a particular version of the complaint."). Federal Defendants answered Plaintiffs' First Amended Complaint on April 19, 2021 (ECF 34), which triggered Plaintiffs' 21-day period to amend as a matter of right, Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs' SAC comes outside that 21-day window, and Federal Defendants object to the SAC as violating Rule 15(a)(1)(B). Without waiving this objection, Federal Defendants respond to the numbered allegations of the SAC as follows:[2]

1. Federal Defendants deny the allegations in Paragraph 1, which are also legal conclusions to which no response is required.

2. The allegations in Paragraph 2 are characterizations of Plaintiffs' SAC to which no response is required. To the extent a response is required, the allegations are denied.

3. In response to the allegations in Paragraph 3, Federal Defendants admit only that, on November 3, 2020, FWS issued a rule titled Endangered and Threatened Wildlife and Plants; Removal of the Gray Wolf (*Canis lupus*) From the List of Endangered and Threatened Wildlife. 85 Fed. Reg. 69,778 (Nov. 3, 2020) ("Delisting Rule"), and that the rule became effective on January 4, 2021. To the extent the allegations in Paragraph 3 characterize the Delisting Rule, it speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied. The remaining allegations in Paragraph 3 are characterizations of Plaintiffs' SAC to which no response is required. To the extent a response is required, the allegations are denied.

---

[2] Plaintiffs' claims are reviewed under the judicial review provisions of the Administrative Procedure Act (APA), 5 U.S.C. § 706.  In accord, "there are no disputed facts that the district court must resolve. That court is not required to resolve any facts in a review of an administrative proceeding." *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985). The Court instead sits as an appellate tribunal and determines, as a matter of law, whether the facts found by the agency and the agency's decision as a whole are supported by the administrative record. *Id.* The allegations of fact in the SAC and any responses contained in this Answer are not relevant to judicial review.  Federal Defendants nonetheless respond to the numbered paragraphs of Plaintiffs' SAC.

4.      Federal Defendants deny the allegations in Paragraph 4, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

5.      Federal Defendants deny the allegations in Paragraph 5, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

6.      Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first sentence of Paragraph 6, and therefore deny the allegations. Federal Defendants deny the allegations in the second sentence of Paragraph 6, which also state legal conclusions to which no response is required.

7.      The allegations in Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8.      The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9.      The allegations in the first sentence of Paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. In response to the allegations in the second, third, fourth, and fifth sentences of Paragraph 9, Federal Defendants admit that Plaintiffs sent an email on November 6, 2020, and a letter received on November 10 and November 12, 2020, to Federal Defendants. The remaining allegations in the second, third, fourth, and fifth sentences of Paragraph 9 state legal conclusions to which no response is required and characterize the email and letter, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the email and letter are denied. In response to the allegations in the sixth sentence of Paragraph 9, Federal Defendants admit only that more than sixty days have elapsed since they received Plaintiffs' letter. The remaining allegations in the sixth sentence characterize Plaintiffs' November 6, 2020 letter, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the letter are denied.

10.      The allegations in the first and second sentences of Paragraph 10 state legal conclusions to which no response is required. To the extent a response is required, the allegations

are denied. In response to the allegations in the third sentence of Paragraph 10, Federal Defendants admit only that Plaintiffs submitted comments on FWS's Proposed Rule Removing the Gray Wolf (*Canis lupus*) From the List of Endangered and Threatened Wildlife, 84 Fed. Reg. 9,648 (Mar. 15, 2019) ("Proposed Rule"). The remaining allegations in the third sentence characterize Plaintiffs' comments, which speak for themselves and are the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the comments are denied.

11.     The allegations in Paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12.     The allegations in the first sentence of Paragraph 12 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants admit the allegations in the second and third sentences of Paragraph 12. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the fourth sentence of Paragraph 12, and therefore deny the allegations. Federal Defendants deny the allegations in the fifth sentence of Paragraph 12.

13.     In response to the allegations in Paragraph 13, Federal Defendants admit only that FWS and DOI maintain offices in Arcata, Oakland, and San Francisco. The allegations in Paragraph 13 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the remaining allegations in Paragraph 13, and therefore deny the allegations.

14.     Federal Defendants deny the allegations in Paragraph 14, which also state legal conclusions to which no response is required.

15.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, and fourth sentences of Paragraph 15, and therefore deny the allegations. Federal Defendants deny the allegations in the fifth sentence of Paragraph 15.

16-18.  Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraphs 16, 17, and 18 relating to Plaintiffs and their members, and therefore deny the allegations. Federal Defendants deny the remaining allegations in Paragraphs 16, 17, and 18 implying that FWS's Delisting Rule harms Plaintiffs or its members or that any alleged injuries would be redressed by vacating the Delisting Rule.

19.   Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 19, and therefore deny the allegations. Federal Defendants deny the allegations in the sixth sentence of Paragraph 19.

20-21.  Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraphs 20 and 21 relating to Plaintiffs and their members, and therefore deny the allegations. Federal Defendants deny the remaining allegations in Paragraphs 20 and 21 implying that FWS's Delisting Rule harms Plaintiffs or its members or that any alleged injuries would be redressed by vacating the Delisting Rule.

22.   Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, and fourth sentences of Paragraph 22, and therefore deny the allegations. Federal Defendants deny the allegations in the fifth sentence of Paragraph 22.

23.  Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 23 relating to Plaintiffs and their members, and therefore deny the allegations. Federal Defendants deny the remaining allegations in Paragraph 23 implying that FWS's Delisting Rule harms Plaintiffs or its members or that any alleged injuries would be redressed by vacating the Delisting Rule.

24.   Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, fifth, and sixth sentences of Paragraph 24, and therefore deny the allegations. Federal Defendants deny the allegations in the seventh sentence of Paragraph 24.

25.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 25 relating to Plaintiffs and their members, and therefore deny the allegations. Federal Defendants deny the remaining allegations in Paragraph 25 implying that FWS's Delisting Rule harms Plaintiffs or its members or that any alleged injuries would be redressed by vacating the Delisting Rule.

26.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 26, and therefore deny the allegations. Federal Defendants deny the allegations in the sixth sentence of Paragraph 26.

27.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, seventh, and eighth sentences of Paragraph 27, and therefore deny the allegations. Federal Defendants deny the allegations in the ninth sentence of Paragraph 27.

28.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 28 relating to Plaintiffs and their members, and therefore deny the allegations. Federal Defendants deny the remaining allegations in Paragraph 28 implying that FWS's Delisting Rule harms Plaintiffs or its members or that any alleged injuries would be redressed by vacating the Delisting Rule.

29.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 29, and therefore deny the allegations. Federal Defendants deny the allegations in the eighth sentence of Paragraph 29.

30.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 30, and therefore deny the allegations. Federal Defendants deny the allegations in the sixth sentence of Paragraph 22.

31.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 31 relating to Plaintiffs and their members, and therefore deny the

allegations. Federal Defendants deny the remaining allegations in Paragraph 31 implying that FWS's Delisting Rule harms Plaintiffs or its members or that any alleged injuries would be redressed by vacating the Delisting Rule.

32.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 32, and therefore deny the allegations. Federal Defendants deny the allegations in the sixth sentence of Paragraph 32.

33.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 33 relating to Plaintiffs and their members, and therefore deny the allegations. Federal Defendants deny the remaining allegations in Paragraph 31 implying that FWS's Delisting Rule harms Plaintiffs or its members or that any alleged injuries would be redressed by vacating the Delisting Rule.

34.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 34, and therefore deny the allegations.

35.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 35, and therefore deny the allegations.

36.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 36, and therefore deny the allegations.

37.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 37, and therefore deny the allegations.

38.     The allegations in the first sentence of Paragraph 38 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegation on that basis. Federal Defendants deny the remaining allegations in Paragraph 38.

39.     Federal Defendants deny the allegations in Paragraph 39, which also state legal conclusions to which no response is required.

40.     Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 40, and therefore deny the allegations.

41.     Federal Defendants deny the allegations in Paragraph 41, which also state legal conclusions to which no response is required.

42.     In response to the allegations in Paragraph 30, Federal Defendants admit that Debra Haaland is the Secretary of the Interior. Federal Defendants further admit only that the Secretary has responsibility for implementing and fulfilling certain duties of the Department, including the administration of the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 42 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

43.     In response to the allegations in Paragraph 43, Federal Defendants admit only that DOI has responsibility for the administration of the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 43 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

44.     In response to the allegations in Paragraph 44, Federal Defendants admit only that FWS is an agency within DOI to which the Secretary of the Interior has delegated authority to administer the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

45.     In response to the allegations in Paragraph 45, Federal Defendants admit that Martha Williams is the Senior Advisor to the Secretary, Exercising the Delegated Authority of the Director, FWS and has delegated authority to administer the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 45 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

46-54. Federal Defendants admit the allegations in Paragraphs 46-54.

55.     In response to the allegations in the first sentence of Paragraph 55, Federal Defendants admit only that one study estimates that hundreds of thousands of wolves occurred in the Western United States and Mexico. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 55. Federal Defendants admit the allegations in the second sentence of Paragraph 55.

56.     In response to the allegations in the first sentence of Paragraph 56, the term "far southeastern region" is too vague and ambiguous to permit a response, and Federal Defendants deny the allegation on that basis. Federal Defendants admit the remaining allegations in the first sentence of Paragraph 56. Federal Defendants deny the allegations in the second sentence of Paragraph 56.

57.     In response to the allegations in Paragraph 57, Federal Defendants admit only that gray wolves in the lower 48 United States exist primarily as two large metapopulations. Federal Defendants deny the remaining allegations in Paragraph 57.

58.      Federal Defendants deny the allegations in Paragraph 58 and aver that, at the time of the Delisting Rule, the Great Lakes metapopulation consisted of at least 4,200 wolves.

59.     Federal Defendants admit the allegations in the first sentence of Paragraph 59. In response to the allegations in the second sentence of Paragraph 59, Federal Defendants admit only that the year-end minimum counts from 2019 indicate at least 311 gray wolves occur in Wyoming and 310 in the States of Oregon, Washington, and California. Federal Defendants deny the remaining allegations in the second sentence of Paragraph 59.

60.     Federal Defendants admit the allegations in Paragraph 60.

61.     Federal Defendants deny the allegations in Paragraph 61.

62.     Federal Defendants admit the allegations in Paragraph 62.

63.     Federal Defendants admit the allegations in Paragraph 63.

64.     The allegations in Paragraph 64 characterize the 1978 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain langue, meaning, and context of the 1978 Rule are denied.

65.     Federal Defendants admit the allegations in Paragraph 65.

66.     Federal Defendants deny the allegations in Paragraph 66, which also characterize the Delisting Rule and other, unnamed rules, which speak for themselves and are the best evidence of their contents.

67.     The allegations in Paragraph 67 characterize FWS's Final Rule To Reclassify and Remove the Gray Wolf From the List of Endangered and Threatened Wildlife in Portions of the Conterminous United States, 68 Fed. Reg. 15,804 (Apr. 1, 2003), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the April 1, 2003 rule are denied.

68.     The allegations in Paragraph 68 characterize two court decisions, *Defenders of Wildlife v. Norton*, 354 F. Supp. 2d 1156 (D. Or. 2005) and *Nat'l Wildlife Fed'n v. Norton*, 386 F. Supp. 2d 553 (D. Vt. 2005), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

69.     The allegations in Paragraph 69 characterize two court decisions, *Defenders of Wildlife v. Norton*, 354 F. Supp. 2d 1156 (D. Or. 2005) and *Humane Soc'y v. Zinke*, 856 F.3d 585 (D.C. Cir. 2017), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

70.     The allegations in Paragraph 70 characterize a court decision, *Nat'l Wildlife Fed'n v. Norton*, 386 F. Supp. 2d 553 (D. Vt. 2005), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the court decision are denied.

71.     The allegations in Paragraph 71 characterize FWS's Final Rule Designating the Western Great Lakes Populations of Gray Wolves as a Distinct Population Segment; Removing the Western Great Lakes Distinct Population Segment of the Gray Wolf From the List of Endangered and Threatened Wildlife, 72 Fed. Reg. 6,052 (Feb. 8, 2007), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the February 8, 2007 rule are denied.

72.     The allegations in Paragraph 72 characterize a court decision, *Humane Soc'y of the U.S. v. Kempthorne*, 579 F. Supp. 2d 7 (D.D.C. 2008), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the court decision are denied.

73.     The allegations in Paragraph 73 characterize FWS's Final Rule Designating the Northern Rocky Mountain Population of Gray Wolf as a Distinct Population Segment and Removing This Distinct Population Segment From the Federal List of Endangered and Threatened Wildlife, 73 Fed. Reg. 10,514 (Feb. 27, 2008), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the February 27, 2008 rule are denied.

74.     The allegations in Paragraph 74 characterize a court decision, *Defenders of Wildlife v. Hall*, 565 F. Supp. 2d 1160 (D. Mont. 2008), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the court decision are denied.

75.     The allegations in Paragraph 75 characterize FWS's Final Rule To Identify the Western Great Lakes Populations of Gray Wolves as a Distinct Population Segment and To Revise the List of Endangered and Threatened Wildlife, 74 Fed. Reg. 15,070 (Apr. 2, 2009), and Final Rule To Identify the Northern Rocky Mountain Population of Gray Wolf as a Distinct Population Segment and To Revise the List of Endangered and Threatened Wildlife, 74 Fed. Reg. 15,123 (Apr. 2, 2009), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the April 2, 2009 rules are denied.

76.     The allegations in Paragraph 76 characterize two court decisions, *Humane Soc'y of the U.S. v. Salazar*, 1:09-CV-1092-PLF (D.D.C. 2009), and *Defenders of Wildlife v. Salazar*, 729 F. Supp. 2d 1207 (D. Mont. 2010), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

77.     The allegations in Paragraph 77 characterize a congressional action, Department of Defense and Full-Year Continuing Appropriations Act, Public Law 112-10 (2011), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Act are denied.

78.     The allegations in Paragraph 78 characterize FWS's Final Rule Revising the Listing of the Gray Wolf (Canis lupus) in the Western Great Lakes, 76 Fed. Reg. 81,666 (Dec. 28, 2011), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the December 28, 2011 rule are denied.

79.     The allegations in Paragraph 79 characterize two court decisions, *Humane Soc'y of the U.S. v. Jewell*, 76 F. Supp. 3d 69 (D.D.C. 2014)*, and *Humane Soc'y of the U.S. v. Zinke*, 865 F.3d 585 (D.C. Cir. 2017), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

80.     The allegations in Paragraph 80 characterize a court decision, *Humane Soc'y of the U.S. v. Zinke*, 865 F.3d 585 (D.C. Cir. 2017), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the court decision are denied.

81.     The allegations in Paragraph 81 characterize FWS's final rule titled Removal of the Gray Wolf in Wyoming From the Federal List of Endangered and Threatened Wildlife and Removal of the Wyoming Wolf Population's Status as an Experimental Population, 77 Fed. Reg. 55,530 (Sept. 10, 2012), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the September 10, 2012 rule are denied.

82.     The allegations in the first and second sentences of Paragraph 82 characterize two court decisions, *Defenders of Wildlife v. Jewell*, 68 F. Supp. 3d 193 (D.D.C. 2014), and *Defenders of Wildlife v. Zinke*, 849 F.3d 1077 (D.C. Cir. 2017), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied. The allegations in the third sentence of Paragraph

82 characterize FWS's final rule titled Reinstatement of Removal of Federal Protections for Gray Wolves in Wyoming, 82 Fed. Reg. 20,284 (May 1, 2017), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the May 1, 2017 rule are denied.

83-89.  The allegations in Paragraphs 83-89 characterize the Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule are denied.

90-104.         The allegations in Paragraphs 90-104 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

105.    Federal Defendants deny the allegations in Paragraph 105.

106.    Federal Defendants deny the allegations in Paragraph 106.

107-111. The allegations in Paragraphs 107-111 characterize Oregon's plan and administrative rules, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the plan and rules are denied.

112. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 112, and therefore deny the allegations.

113-115.  The allegations in Paragraphs 113-115 characterize a January 13, 2021 Oregon Department of Fish and Wildlife public statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statement are denied.

116.    The allegations in Paragraph 116 characterize Washington's gray wolf state management plan and state regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the plan and regulations are denied.

117.    The allegations in the first sentence of Paragraph 117 state legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the

allegations. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the remaining allegations in Paragraph 117, and therefore deny the allegations.

118-125. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraphs 118-125, and therefore deny the allegations.

126.    Federal Defendants deny the allegations in Paragraph 126, which are also legal conclusions to which no response is required.

127.    The allegations in the first sentence of Paragraph 127 characterize Wisconsin law, which speaks for itself and is the best evidence of its contents, and state legal conclusion to which no response is required.  Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the second and third sentences of Paragraph 127, and therefore deny the allegations. Federal Defendants deny the allegations in the fourth sentence of Paragraph 127, which are also legal conclusions to which no response is required.

128.    Federal Defendants incorporate by reference their preceding responses.

129.    The allegations in Paragraph 129 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

130.    The allegations in Paragraph 130 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

131.    The allegations in Paragraph 131 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

132.    Federal Defendants deny the allegations in Paragraph 132.

133-137.    The allegations in Paragraphs 133-137 characterize FWS's Policy Regarding the Recognition of Distinct Vertebrate Population Segments Under the Endangered Species Act, 61 Fed. Reg. 4,722 (Feb. 7, 1996) ("DPS Policy"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the DPS Policy are denied.

138-141.     The allegations in Paragraph 138-141 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

142-149.     Federal Defendants deny the allegations in Paragraphs 142-149, which also state legal conclusions to which no response is required.

150.     Federal Defendants incorporate by reference their preceding responses.

151.     The allegations in Paragraph 151 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

152.     Federal Defendants deny the allegations in Paragraph 152, which also characterize three court decisions, which speak for themselves and are the best evidence of their contents.

153.     Federal Defendants deny the allegations in Paragraph 153, which also  state legal conclusions to which no response is required.

154.     Federal Defendants deny the allegations in Paragraph 154, which also state legal conclusions to which no response is required.

155.     Federal Defendants incorporate by reference their responses to the preceding Paragraphs.

156.     The allegations in Paragraph 156 characterize the ESA and a court decision, *Defenders of Wildlife v. Norton*, 258 F. 3d 1136 (9th Cir. 2001), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute or the court decision are denied.

157.     The allegations in Paragraph 157 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

158.     The allegations in Paragraph 158 characterize the ESA and a court decision, *Defenders of Wildlife v. Norton*, 258 F. 3d 1136 (9th Cir. 2001), which speak for themselves and

are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute or the court decision are denied.

159.    Federal Defendants deny the allegations in Paragraph 159, which also characterize the ESA and a court decision, *Defenders of Wildlife v. Norton*, 258 F. 3d 1136 (9th Cir. 2001), which speak for themselves and are the best evidence of their contents.

160.    Federal Defendants deny the allegations in Paragraph 160, which also characterize a court decision, *Defenders of Wildlife v. Norton*, 258 F. 3d 1136 (9th Cir. 2001), which speaks for itself and is the best evidence of its contents.

161.    The allegations in the first sentence of Paragraph 161 characterize FWS's Final Policy on Interpretation of the Phrase "Significant Portion of Its Range" in the Endangered Species Act's Definitions of "Endangered Species" and "Threatened Species" ("SPR Policy"), 79 Fed. Reg. 37,578 (July 1, 2014), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the SPR Policy are denied. The allegations in the second sentence of Paragraph 161 characterize two court decisions, *Center for Biological Diversity v. Jewell*, 248 F. Supp. 3d 946, 956 (D. Ariz. 2017), and *Desert Survivors v. U.S. Dep't of the Interior*, 321 F. Supp. 3d 1011 (N.D. Cal. 2018), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

162.    The allegations in Paragraph 162 characterize the Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule are denied.

163.    The allegations in Paragraph 163 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

164.    Federal Defendants deny the allegations in Paragraph 164, which also characterize a court decision, *Tucson Herpetological Soc. v. Salazar*, 566 F. 3d 870, 876 (9th Cir. 2009), which speaks for itself and is the best evidence of its contents.

165.     Federal Defendants deny the allegations in Paragraph 165, which also characterize a court decision, *Tucson Herpetological Soc. v. Salazar*, 566 F. 3d 870, 876 (9th Cir. 2009), which speaks for itself and is the best evidence of its contents.

166-171.     Federal Defendants deny the allegations in Paragraphs 166-171, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

172.     Federal Defendants deny the allegations in Paragraph 172, which also state legal conclusions to which no response is required.

173.     Federal Defendants incorporate by reference their responses to the preceding Paragraphs.

174.     The allegations in Paragraph 174 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute or regulations are denied.

175.     The allegations in Paragraph 175 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute or regulations are denied.

176-190.     Federal Defendants deny the allegations in Paragraphs 176-190, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

191.     Federal Defendants deny the allegations in Paragraph 191, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

192.     Federal Defendants incorporate by reference their responses to the preceding Paragraphs.

193.    The allegations in Paragraph 193 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, or context of the ESA are denied.

194.    Federal Defendants deny the allegations in Paragraph 194, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

195.    Federal Defendants deny the allegations in Paragraph 195, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

196.    Federal Defendants deny the allegations in Paragraph 196, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

197.    Federal Defendants deny the allegations in Paragraph 197, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

198.    Federal Defendants incorporate by reference their responses to the preceding Paragraphs.

199.    The allegations in Paragraph 199 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, or context of the ESA are denied.

200.    Federal Defendants deny the allegations in Paragraph 200, which also characterize FWS's Post-Delisting Monitoring Plan Guidance Under the Endangered Species Act at 4-1 (August 2008) ("Post-Delisting Monitoring Guidance"), which speaks for itself and is the best evidence of its contents.

201-205.    Federal Defendants deny the allegations in Paragraph 201-205, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

206.    Federal Defendants deny the allegations in Paragraph 206, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

207.    Federal Defendants incorporate by reference their responses to the preceding Paragraphs.

208.     The allegations in Paragraph 208 characterize the APA, which speaks for itself and is the best evidence of its contents, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

209.     The allegations in Paragraph 209 characterize the APA, which speaks for itself and is the best evidence of its contents, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

210.     Federal Defendants deny the allegations in Paragraph 210.

211.     Federal Defendants deny the allegations in Paragraph 211, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

212.     Federal Defendants deny the allegations in Paragraph 212, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

213.     Federal Defendants deny the allegations in Paragraph 213.

214.     Federal Defendants deny the allegations in Paragraph 214, which also state legal conclusions to which no response is required.

PRAYER FOR RELIEF

The remainder of Plaintiffs' SAC constitutes their request for relief, to which no response is required. To the extent a further response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

GENERAL DENIAL

Federal Defendants deny any allegations in the SAC, whether express or implied, or in the attachments thereto, that are not specifically admitted, denied, or qualified herein.

DATED: June 3, 2021          JEAN E. WILLIAMS, Acting Assistant Attorney General
                             SETH M. BARSKY, Section Chief
                             MEREDITH L. FLAX, Assistant Section Chief

                             */s/ Michael R Eitel*
                             MICHAEL R. EITEL, Senior Trial Attorney
                             U.S. Department of Justice

Answer, 4:21-cv-00349-JSW                    19

Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace 370
Denver, Colorado 80202
Phone: (303) 844-1479 / Fax: (303) 844-1375
Email: Michael.Eitel@usdoj.gov

*Attorneys for Federal Defendants*

1

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

| DEFENDERS OF WILDLIFE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. FISH AND WILDLIFE SERVICE, et al.,<br><br>Federal Defendants. | Case No. 3:21-cv-00344-JSW<br><br>**CERTIFICATE OF SERVICE** |

9

10

11

12

13

14

| WILDEARTH GUARDIANS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>HAALAND, et al.,<br><br>Federal Defendants. | Case. No. 3:21-cv-00349-JSW<br><br>**CERTIFICATE OF SERVICE** |

15

16

17

18

19

20

21

22

| NATURAL RESOURCES DEFENSE COUNCIL,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE INTERIOR, et al.,<br><br>Federal Defendants. | Case. No. 3:21-cv-00561-JSW<br><br>**CERTIFICATE OF SERVICE** |

23

24

25

26

27

28

   I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                              */s/ Michael R. Eitel*
                              MICHAEL R. EITEL