UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. FISH AND WILDLIFE SERVICE, et al.,<br><br>    Defendants. | Case No. 21-cv-00344-JSW<br>           21-cv-00349-JSW<br>           21-cv-00561-JSW<br><br>**ORDER SCHEDULING DEADLINES AND VACATING CASE MANAGEMENT CONFERENCE** |
| WILDEARTH GUARDIANS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEBRA HAALAND, U.S. SECRETARY OF THE INTERIOR, et al.,<br><br>    Defendants. | |
| NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>    Defendants. | |

These three related cases are scheduled for a case management conference on July 9, 2021. The Court has received and considered the joint case management statement from the parties in these three related cases, and it HEREBY VACATES the case management conference.  IT IS HEREBY ORDERED that the case management conference statement is adopted, except as expressly modified by this Order.

It is further ORDERED that:

1. The Court will grant the *WildEarth Guardians* Plaintiffs' request to file an amended complaint for the sole purpose of removing any claims it does not intend to pursue on summary judgment.  *WildEarth Guardians* Plaintiffs shall file this amended complaint by no later July 12, 2021.

2. The parties anticipate resolving these matters through cross-motions for summary judgment.  The parties have agreed to consolidation of the summary judgment briefing and hearing under Federal Rule of Civil Procedure 42(a).  Plaintiffs shall coordinate and file a joint motion for summary judgment.  Federal Defendants and Intervenor-Defendants shall each respond to Plaintiffs' joint brief in single briefs.  Amici curiae shall each be limited to one brief of no more than 25 pages.

3. The Court adopts the briefing schedule proposed by the parties at page 9 of the joint case management statement:

Plaintiffs shall file their joint cross-motion for summary judgment by no later July 16, 2021.

Federal Defendants shall file their opposition and cross-motion by August 20, 2021.

Intervenor-Defendants shall file their opposition and cross-motion by August 27, 2021.

Plaintiffs shall file their opposition and reply by September 15, 2021.

Federal Defendants shall file their reply by October 8, 2021.

Intervenor-Defendants shall file their reply by October 15, 2021.

Amicus briefs supporting Defendants' cross-motions for summary judgment shall be filed

2

by August 31, 2021. Proposed amicus briefs supporting Plaintiffs, if any, shall be filed by July 23, 2021.

4. The parties have proposed page limitations that exceed those permitted by this Court's Civil Standing Order. *See* Civil Standing Order ¶ 9. However, the Court will grant the parties some additional pages to present their arguments to the Court. Plaintiffs' joint opening motion shall not exceed 50 pages. Federal Defendants' cross-motion and opposition shall not exceed 50 pages. Intervenor-Defendants' cross-motion and opposition shall not exceed 50 pages.[1] Plaintiffs' joint opposition and reply shall not exceed 35 pages. Federal Defendants' and Intervenor-Defendants' replies shall not exceed 35 pages. If the parties believe that they will require additional pages to present their arguments, they must submit a request to the Court by no later than July 9, 2021, demonstrating good cause for an enlargement of these limitations.

5. The Court schedules the hearing on the cross-motions for summary judgment on Friday, November 12, 2021, at 9:00 a.m.

6. The Court will not refer this matter for an ADR procedure. If any party later wishes to participate in an ADR process, they may submit a stipulation or an administrative motion to the Court.

7. No provision of this order may be changed except by written order of this Court upon its own motion or upon motion of one or more parties made pursuant to Civil. L. R. 7-1 upon a showing of very good cause. A motion may take the form of a stipulation and proposed order pursuant to Civil L.R. 7-1(a)(5) and Civil L.R. 7-12, but the parties may not modify the pretrial schedule by stipulation without a Court order. If the modification sought is an extension of a deadline contained herein, the motion must be brought <u>before</u> expiration of that deadline. A conflict with a court date set after the date of this order does not constitute good cause. The parties are advised that if they stipulate to a change in the discovery schedule, they do so at their own risk.

---

[1] Intervenor-Defendants shall avoid duplicative briefing of matters already covered Federal Defendants' briefs. (*See* Dkt. No. 34, Order Granting Motion to Intervene.)

The only schedule that the Court will enforce is the one set in this order. Additionally, briefing schedules that are specifically set by the Court may not be altered by stipulation without a Court order; rather the parties must obtain leave of Court.

**IT IS SO ORDERED.**

Dated: July 2, 2021

_____
JEFFREY S. WHITE
United States District Judge