UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. FISH AND WILDLIFE SERVICE, et al.,<br><br>    Defendants.<br><br>WILDEARTH GUARDIANS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEBRA HAALAND, U.S. SECRETARY OF THE INTERIOR, et al.,<br><br>    Defendants.<br><br>NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>    Defendants. | Case No.  21-cv-00344-JSW<br>              21-cv-00349-JSW<br>              21-cv-00561-JSW<br><br>**ORDER GRANTING DEFENDANT-INTERVENOR APPLICANT STATE OF UTAH'S MOTION TO INTERVENE**<br><br>Re: Dkt. Nos. 89, 88, 79 |

1  Now before the Court for consideration is the motion to intervene pursuant to Federal Rule
2  of Civil Procedure 24 filed by the State of Utah ("Utah") in these related cases. The Court has
3  considered the parties' papers, relevant legal authority, and the record in this case, and it finds this
4  matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court
5  HEREBY VACATES the hearing scheduled for September 10, 2021. For the following reasons,
6  the Court GRANTS Utah's motion to intervene.

## BACKGROUND

Plaintiffs in these three related cases challenge the U.S. Fish and Wildlife Service's ("FWS") decision to remove gray wolves in the lower 48 states from the list of endangered and threatened species under the ESA. *See* 85 Fed. Reg. 69778 ("Delisting Rule"). The Delisting Rule removes federal protections for the gray wolves and returns management of wolf populations to the states. Utah has moved to intervene citing its sovereign interest in managing gray wolves and its interest in implementing a wolf management plan that will permit it to protect big game populations, respond to wildlife impacts on domestic livestock, and manage habitats that gray wolves share with other species. Utah has also identified an economic interest and an interest in protecting the agricultural producers throughout the state of Utah.

Utah moves to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) ("Rule 24(a)"). Alternatively, Utah requests permissive intervention under Rule 24(b). Plaintiffs oppose Utah's motion to intervene as untimely. Federal Defendants and Intervenor-Defendants NRA and SCI take no position on Utah's motion to intervene.

## ANALYSIS

**A.  The Court Grants Utah's Motion to Intervene.**

Under Rule 24(a), a party seeking to intervene as of right must show that: "(1) it has a significant protectable interest relating to the property or transaction that is the subject matter of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

An applicant must satisfy all four of these requirements. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). In evaluating these requirements, courts "are guided primarily by practical and equitable considerations." *Donnelly*, 159 F.3d at 409.

Here, Plaintiffs contest only the timeliness of Utah's intervention. Although the Court focuses its discussion on that factor, it will briefly address the other factors.

### 1. Timeliness.

"Timeliness is determined by the totality of the circumstances facing would-be intervenors, with a focus on three primary factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)). In analyzing these factors, courts should bear in mind that "[t]he crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). While the length of time that has passed since a suit was filed is not, in and of itself, determinative of timeliness, a party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation." *California Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) (internal quotation marks and citations omitted).

#### a. Stage of proceedings.

With regard to the stage of the proceedings, Plaintiffs argue that Utah's intervention is untimely because it seeks to intervene in the midst of summary judgment briefing. While the Court recognizes that Plaintiffs have filed their opening summary judgment motion; it is not convinced that this positions the case at such an "advanced stage" that Utah's intervention should be denied.

In *League of United Latin Am. Citizens v. Wilson*, the Ninth Circuit affirmed the denial of a motion to intervene as untimely where multiple proceedings had already occurred, including the issuance of a temporary restraining order, a preliminary injunction, an appeal of the preliminary

3

injunction to the Ninth Circuit, and a partial grant of summary judgment. 131 F.3d 1297, 1303 (9th Cir. 1997). Similarly, in *Alt v. U.S.E.P.A.*, the Fourth Circuit determined that intervention was untimely where several months of settlement negotiations had occurred, the case had been stayed once, and a motion to dismiss had been fully briefed, argued, and denied. 758 F.3d 588, 591 (4th Cir. 2014) (noting that the district court "was reasonably reluctant to arrest the momentum of the lawsuit so near to its final resolution").

Here, in contrast, the Court has not yet made any substantive rulings in the case. Although summary judgment briefing has commenced, the hearing on summary judgment is still three months out. Moreover, Utah has sought intervention with enough time to comply with the existing briefing schedule. Accordingly, Utah's intervention will not alter that schedule. The Court concludes that the proceedings are yet at a point where intervention is untimely.

### b. Reason for and length of delay.

In assessing the timeliness of a motion to intervene, the Court must also consider the reason for and length of delay in seeking intervention. "The Court may, in its discretion, decide whether the length of and reason for the delay, combined with the other timeliness factors, are reasonable." *Defs. of Wildlife v. Johanns*, No. C 04-4512 PJH, 2005 WL 3260986, at *4 (N.D. Cal. Dec. 1, 2005). The "[m]ere lapse of time alone is not determinative." *United States v. State of Or.*, 745 F.2d 550, 552 (9th Cir. 1984).

Plaintiffs argue that Utah's delay in seeking intervention is significant and assert that Utah has not provided a reason for the delay. Plaintiffs contend that Utah has undoubtedly been aware of this litigation since it commenced in January. Utah concedes that it knew of this litigation earlier in the process. However, it points to several procedural delays impacting its decision to intervene. For example, while the original complaints in these related cases were filed several months ago, the operative amended complaints were filed just three months ago. Moreover, as Utah notes, Intervenor-Defendants NRA and SCI filed a jurisdictional motion to dismiss that was resolved only in June. Additionally, although the parties agreed to an expedited schedule for summary judgment briefing, that request was presented to and approved by the Court just last month. And Utah has sought intervention before the Court has issued any substantive rulings.

4

Finally, as further explanation for delay, Utah points to bureaucratic drag in its litigation approval process.[1] Considering all the circumstances, the Court finds the length of and reason for Utah's delay in seeking intervention is not unreasonable.

### c. Prejudice to parties.

The third factor of the timeliness analysis is prejudice to the parties. Plaintiffs argue they will be prejudiced by having to respond to the additional issues raised by Utah in its cross-motion for summary judgment within the thirty-five pages available for Plaintiffs' combined opposition and reply brief. Plaintiffs also argue that Utah's participation could cause delay by potentially upsetting the negotiated case management schedule.

The Court does not find these arguments of prejudice convincing. Utah has agreed to comply with the current deadlines set by the Court. Additionally, because Utah's motion to intervene will be resolved prior to the deadline for submission of defendant-intervenors' briefs, Utah will be able to adhere to the current briefing schedule. Further, Utah agrees to intervene subject to the same set of conditions as Intervenor-Defendants NRA and SCI. In particular, Utah agrees to avoid duplicative briefing of matters already covered in the Federal Defendants' briefs and the Intervenor-Defendants' briefs, which makes it unlikely that they will need to use the maximum number of pages permitted. Therefore, the Court concludes that the parties would not be prejudiced by Utah's intervention at this stage of the proceedings.

Accordingly, the timeliness factors weigh in favor of intervention. Although timeliness is the only disputed factor, the Court will address the other factors briefly.

### 2. Legally Protected Interest and Impairment of Interest.

The Court address the factors of legally protectable interest and impairment of that interest together. "The requirement of a significantly protectable interest is generally satisfied when the 'interest is protectable under some law, and . . . there is a relationship between the protected interest and the claims at issue." *Arakaki*, 324 F.3d at 1084 (quoting *Sierra Club v. United States*

---

[1] This distinguishes the present circumstances from those in *Save Our Springs Alliance Inc., v. Babbit*, 115 F.3d 346 (5th Cir. 1997). In that case, Texas offered no plausible explanation for waiting to file its motion to intervene until the day before initial briefs were due. *Id*.

5

*EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). A protectable interest is "a statutory, contract, or constitutional interest in [the] litigation." *Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 650 (N.D. Cal. 2004). In order to determine whether a party has a sufficient interest relating to the transaction, a court must consider: (1) whether the asserted interest is "protected under some law" and (2) whether there is a "relationship" between the legally protected interest and the claims at issue. *Greene*, 996 F.2d at 976. The Ninth Circuit approaches the "impair or impede" requirement pragmatically: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2011) (quoting Federal Rule of Civil Procedure 24 advisory committee's notes).

Utah has identified direct interests in this action including: (1) a sovereign property interest in the wildlife within its borders; and (2) an interest in managing the biological, social, and economic impact of wolves on the ungulate population of Utah. Utah argues that if Plaintiffs are successful in vacating the Delisting Rule, Utah's interest in properly executing its wildlife management duties will be impaired. The Court finds that Utah has established a significant protectable interest likely to be impaired by the outcome of the litigation. This factor weighs in favor of intervention.

### 3. Inadequate Representation.

Finally, the Court considers whether Utah's interests are adequately represented by the existing parties. To determine whether an applicant's interest is adequately represented by the parties, the Court must consider "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) (citing *California v. Tahoe Regional Planning Agency,* 792 F.2d 775, 778 (9th Cir.1986)).

Utah argues that because it is a sovereign, none of the existing defendants can adequately represents its interests. Utah contends that although it ultimately seeks the same relief as the

existing defendants, it is uniquely situated to focus on the state's sovereign right to manage wildlife. Utah has met its burden to show that its interests may not be adequately represented by the existing parties. The Court concludes that this factor weighs in favor of intervention.

Accordingly, the Court GRANTS Utah's motion to intervene as a matter of right under Rule 24(a). Because the Court finds that the movants may intervene as of right, it need not address arguments concerning permissive intervention.

## CONCLUSION

For the foregoing reasons, the motion to intervene is GRANTED. The proposed answer to Plaintiffs' amended complaint submitted as Exhibit 3 to Utah's motion to intervene is deemed filed and shall stand as Utah's answer in this action. Utah is ORDERED to comply with the deadlines and page limitations set forth in the Court's July 6, 2021 Order Scheduling Deadlines. (*See* Dkt. No. 72.) It is FURTHER ORDERED that Utah's intervention is subject to same conditions imposed upon the other defendant-intervenors in this action as set forth in the Court's May 3, 2021 Order Granting NRA and SCI's motion to intervene. (*See* Dkt. No. 34.)

**IT IS SO ORDERED.**

Dated: August 16, 2021

JEFFREY S. WHITE
United States District Judge